(981 P.2d 1182)
Nos. 81,082
81,222

STATE OF KANSAS, *Appellee*, v. PETER J. SMITH, *Appellant*.
STATE OF KANSAS, *Appellee*, v. JEREMY D. MOHS, *Appellant*.

Opinion filed July 9, 1999.

*J. Brent Gerry*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellants.

*David Lowden*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before RULON, P.J., GERNON and MARQUARDT, JJ.

RULON, J.: Defendants Peter J. Smith and Jeremy D. Mohs appeal the district court's denial of their motions to modify their sentences. We affirm.

In January 1997, defendant Peter J. Smith was convicted of criminal deprivation of a motor vehicle (K.S.A. 21-3705). The district court sentenced Smith to 12 months' probation, with 30 days in jail as a condition of probation. On September 25, 1997, the district court revoked Smith's probation, imposing the underlying 12-month jail sentence. In March 1998, Smith filed a motion to modify his sentence, which the district court denied for lack of jurisdiction. Smith appeals the denial of his motion to modify his sentence.

In June 1997, defendant Jeremy D. Mohs was convicted of criminal deprivation of a motor vehicle (K.S.A. 21-3705) and two counts

of theft (K.S.A. 21-3701[a][1]). The district court granted Mohs probation after 30 days in jail, with an underlying sentence of 7 months on each count, to run concurrently. In June 1997, Mohs was again convicted of criminal deprivation of a motor vehicle (K.S.A. 21-3705). The district court granted Mohs probation, with an underlying jail sentence of 7 months, to run consecutive to the previous sentences. On March 11, 1998, the district court revoked Mohs' probation, stating the sentences would run concurrently. The district court later determined that because the sentences were originally ordered to run consecutively, it could not order such sentences to run concurrently. Mohs moved the district court to modify his sentence, but the court found it was not authorized by law to modify the sentence. Mohs appeals.

The issue is whether K.S.A. 21-3705 allows the district court to modify a sentence after it is imposed. Matters of statutory interpretation are questions of law, subject to unlimited appellate review. *State v. Riley*, 259 Kan. 774, 776, 915 P.2d 774 (1996). K.S.A. 21-3705(b) provides:

"Upon a first conviction of [criminal deprivation of a motor vehicle], a person shall be sentenced to not less than 30 days . . . . Upon a second or subsequent conviction . . . a person shall be sentenced to not less than 60 days . . . . The person convicted shall not be eligible for release on probation, suspension or reduction of sentence or parole until the person has served the minimum mandatory sentence as provided herein."

Defendants argue this language gives the district court authority to modify a sentence.

When enacting the Kansas Sentencing Guidelines Act (KSGA), the legislature deliberately eliminated the district court's authority to modify a sentence. See *State v. Miller*, 260 Kan. 892, 897, 926 P.2d 652 (1996); K.S.A. 1998 Supp. 21-4603d. "When a lawful sentence has been imposed under [the] KSGA, the sentencing court has no jurisdiction to modify that sentence except to correct 'arithmetic or clerical errors' pursuant to K.S.A. 21-4721(i)." *Miller*, 260 Kan. at 900. Further, the plain language of K.S.A. 21-3705 does not authorize the district court to modify a sentence but merely stated a defendant must serve the mandatory jail time before he or she is eligible for probation, suspension or reduction of

his sentence, or parole. Here, defendants' underlying sentences were imposed before each defendant served the mandatory jail time. After defendants' probations were revoked, each defendant was required to serve the underlying sentence which was not subject to modification. The district court does not have jurisdiction to modify a sentence once imposed under the KSGA.

Affirmed.