(42 P.3d 207)

No. 87,373

STATE OF KANSAS, *Appellee,* v. MICHAEL J. ANTHONY, *Appellant.*

Opinion filed March 15, 2002.

*Sarah Ellen Johnson,* assistant appellate defender, and *Steven R. Zinn,* deputy appellate defender, for appellant.

*Richard A. Olmstead,* assistant district attorney, *Nola Foulston,* district attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before PIERRON, P.J., JOHNSON, J., and BUCHELE, S.J.

JOHNSON, J: Michael J. Anthony pled guilty to a third offense of driving under the influence of alcohol (DUI), in violation of what is now K.S.A. 8-1567 (defendant was charged under K.S.A. 2000 Supp. 8-1567; substantive amendments by the legislature in 2001 to the DUI statutes are not relevant to the issues in this appeal). The district court imposed the maximum imprisonment sentence of 12 months. After serving the mandatory minimum of 90 days in jail, Anthony filed a motion to modify his sentence by granting him probation. Following a hearing, the district court found it lacked jurisdiction to modify Anthony's sentence and denied his motion.

We reverse and remand for a determination upon the merits of Anthony's motion.

The sole issue on appeal is whether a district court had jurisdiction to modify a sentence imposed under K.S.A. 8-1567(f). The district court, apparently relying on *State v. Smith*, 26 Kan. App. 2d 272, 981 P.2d 1182, *rev. denied* 268 Kan. 854 (1999), determined it had no jurisdiction to consider Anthony's motion. The issue before the court is purely legal in nature. We are not bound by the decision of the district court on questions of law. *State v. Donlay*, 253 Kan. 132, 133-34, 853 P.2d 680 (1993).

Anthony contends the plain language of the statute necessarily allows the district court to modify his sentence. Anthony was sentenced under K.S.A. 8-1567(f), which provided in relevant part:

"On the third conviction of a violation of this section, a person shall be guilty of a nonperson felony and sentenced to not less than 90 days nor more than one year's imprisonment . . . . *The person convicted shall not be eligible for release on probation, suspension or reduction of sentence or parole until the person has served at least 90 days' imprisonment.*" (Emphasis added.)

Prior to July 1, 1993, the district court had considerable discretion in sentencing a convicted felon. Within the parameters set for each class of felony, the sentencing judge selected the minimum and maximum terms of an indeterminate sentence and decided, *inter alia*, whether to imprison the felon or release him or her on probation. K.S.A. 1992 Supp. 21-4603(2). Further, the district court retained jurisdiction for 120 days following sentencing to impose a less severe sentence. K.S.A. 1992 Supp. 21-4603(4). With the passage of the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.*, the district court's discretion as to the duration and disposition of a sentence is severely restricted by the legislative designation of a presumptive sentence. After imposing a guidelines sentence, the district court's power to modify it is restricted to correcting arithmetic or clerical errors. K.S.A. 21-4721(i). If the presumptive sentence is imprisonment, the felon is transferred to the custody of the Secretary of Corrections, K.S.A. 21-4621, and good time credits are earned or forfeited pursuant to rules promulgated by the Secretary. K.S.A. 2001 Supp. 21-4722(c).

The State argues that *Smith* is controlling. In that case, the defendants were convicted of criminal deprivation of property in violation of K.S.A. 21-3705. At the time of their offenses, criminal deprivation of a motor vehicle was a nongrid felony that carried a prison term of no less than 30 days for a first offense to a maximum of 1 year. The statute was quite similar to 8-1567 in that it required the person convicted to serve the mandatory minimum sentence before he or she would be eligible for release on probation or suspension or reduction of sentence or parole. K.S.A. 21-3705(b). The defendants filed motions to modify their sentences which the district court denied for lack of jurisdiction. The *Smith* panel found that the KSGA eliminated the district court's authority to modify a sentence, citing *State v. Miller*, 260 Kan. 892, 896-97, 926 P.2d 652 (1996), and K.S.A. 21-4721(i). 26 Kan. App. 2d at 273. The panel also held that

"[t]he plain language of K.S.A. 21-3705 does not authorize the district court to modify a sentence but merely states a defendant who is convicted of criminal deprivation of a motor vehicle must serve the mandatory jail time before he or she is eligible for probation, suspension or reduction of his sentence, or parole." 26 Kan. App. 2d 272, Syl. ¶ 2.

Anthony argues *Smith* is inapplicable because his sentence was imposed under 8-1567 and this court has previously determined that the sentencing guidelines do not apply to felony DUI sentences. See *State v. Webb*, 20 Kan. App. 2d 873, 876, 893 P.2d 255 (1995); *State v. Binkley*, 20 Kan. App. 2d 999, 1001, 894 P.2d 907 (1995). However, this ignores the fact that under the version of K.S.A. 21-4704(i) in effect at the time of the crime for which Smith was convicted, felony criminal deprivation of property was exempted from the sentencing grid in the same manner as felony DUI. (In 2001, the legislature amended 21-4704[i], deleting 21-3705 as an exemption and adding 21-3412a[b][3][domestic battery].) K.S.A. 21-4704(i) provided:

"The sentence for the violation of the felony provision of K.S.A. 8-1567 [DUI] and subsection (b) of K.S.A. 21-3705 [criminal deprivation of property], and amendments thereto shall be as provided by the specific mandatory sentencing requirements of that section and shall not be subject to the provisions of this section or K.S.A. 21-4707 and amendments thereto. Notwithstanding the provi-

sions of any other section, the term of imprisonment imposed for the violation of the felony provision of K.S.A. 8-1567 and subsection (b) of K.S.A. 21-3705, and amendments thereto shall not be served in a state facility in the custody of the secretary of corrections."

Therefore, if the modification restrictions of 21-4721(i) applied to 21-3705(b), they must also apply to the other nongrid felony, DUI.

*Smith* intimates that a nongrid felony sentence is imposed under the KSGA, despite the language of 21-4704(i) excluding such a sentence from the KSGA grid. It is conceded that 21-4704(i) specifically refers to only two exempted sections, 21-4704 and 21-4707. However, applying only a portion of the KSGA provisions to nongrid felonies distorts the overall purpose and scheme of the KSGA. Nongrid felony sentences are simply different from grid sentences. Here, the sentencing judge had broad discretion on the term of incarceration and the manner of serving the sentence. Anthony was never transferred to the custody of the Secretary of the Corrections. There is apparently no mechanism whereby Anthony may earn good time credits. If Anthony "flattens" the maximum 12-month term of incarceration, there would be no post-release supervision or any means to coerce payment of a fine and costs. *Cf.* K.S.A. 8-1567(g) (the legislature amended this subsection in 2001 to provide for transfer of custody to the Secretary of Corrections following the term of imprisonment and post-release supervision for a fourth or subsequent conviction). The rationale for divesting the district court of jurisdiction to modify a grid sentence is not applicable to a nongrid felony sentence.

The legislature left nongrid felons in local custody. If the district court does not retain jurisdiction, there is no entity in control of the sentence or the release therefrom. If the legislature had intended this result, it is difficult to understand why the DUI statute provides that a person is not eligible for a reduction of sentence or parole from sentence prior to serving 90 days. The statute could simply state that the district court must impose a minimum sentence of 90 days. The question then is, how does a reduction of sentence occur without anyone having jurisdiction to modify the sentence or who is empowered to parole a nongrid felon? If reasonably possible, this court is to avoid construing a statute in a

manner which would render part of that statute surplusage. *State v. Rush*, 255 Kan. 672, 677, 877 P.2d 386 (1994). We find that the district court retains jurisdiction to modify a nongrid felony DUI sentence.

Reversed and remanded for a determination on the merits of the motion to modify sentence.