No. 87,373

STATE OF KANSAS, *Appellee*, v. MICHAEL J. ANTHONY, *Appellant*.

(58 P.3d 742)

Opinion filed December 6, 2002.

*Sarah Ellen Johnson*, assistant appellate defender, argued the cause, and *Steven R. Zinn*, deputy appellate defender, was with her on the brief for appellant.

*Debra S. Peterson*, assistant district attorney, argued the cause, and *Richard A. Olmstead*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

NUSS, J.: The district court dismissed for lack of jurisdiction Michael Anthony's motion to modify a sentence imposed for his third offense of driving under the influence (DUI). The Court of Appeals reversed and remanded for a determination on the merits of his motion in *State v. Anthony*, 30 Kan. App. 2d 427, 42 P.3d 207 (2002). We granted the State's petition for review under K.S.A. 20-3018(b), since an earlier panel of the Court of Appeals appears to have reached dissimilar results with a similar issue. See *State v. Smith*, 26 Kan. App. 2d 272, 981 P.2d 1182, *rev. denied* 268 Kan. 854 (1999).

The sole issue on appeal is whether the district court has jurisdiction to modify a sentence once it has been legally imposed under the felony provisions of the DUI statute, K.S.A. 8-1567(f). We reverse.

## FACTS

Anthony pled guilty to his third DUI offense, a nonperson felony, on October 27, 2000, and the district court imposed the maximum sentence of 12 months in the county jail. After Anthony

served the mandatory minimum of 90 days, he filed a motion to modify and requested probation. The district court held it lacked jurisdiction to modify the sentence after imposition and denied the motion, apparently relying upon the rationale of *Smith*. Upon Anthony's appeal, a Court of Appeals panel different from *Smith's* reversed, albeit without expressly rejecting *Smith*.

## DISCUSSION

The determination of whether the district court has jurisdiction to modify a sentence once it has been imposed under the DUI statute, K.S.A. 8-1567(f), requires not only our interpretation of that statute but also of the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.* Statutory interpretation is a question of law, and this court's scope of review is unlimited. *State v. Miller*, 260 Kan. 892, 895, 926 P.2d 652 (1996).

The sentencing of a criminal defendant is strictly controlled by statute in Kansas. *State v. Saft*, 244 Kan. 517, 518, 769 P.2d 675 (1989). Kansas statutes have long vested district courts with considerable discretion in the sentencing of all criminal defendants, including DUI defendants. See, *e.g.*, G.S. 1949, 66-2239 (1957 Supp.) ("Whenever *any* person has been guilty of a crime or offense upon verdict or plea . . . . [t]he court may modify a sentence within sixty [60] days after it is imposed.") (Emphasis added.). Since 1965, this considerable discretion has included the authority to modify a sentence within 120 days of imposition, also known as the 120-day callback. See K.S.A. 21-4603(d)(1). With the passage of the KSGA, however, much of this prior discretion was removed. In particular, the 120-day callback was eliminated for crimes committed after July 1, 1993. The replacement statute, K.S.A. 2001 Supp. 21-4603d, "makes no mention of and does not provide for sentence modification." *Miller*, 260 Kan. at 896.

In *Miller*, we held that the legislature's "elimination of the court's authority to modify was intentional." 260 Kan. at 897. Accordingly, in *Miller* we held that "[w]hen a lawful sentence has been imposed under KSGA, the sentencing court has no jurisdiction to modify that sentence except to correct 'arithmetic or clerical errors' pursuant to K.S.A. 21-4721(i)." 260 Kan. at 900.

The Court of Appeals relied upon the *Miller* decision in *Smith* to hold the district court had no jurisdiction to modify a sentence after it had been imposed under K.S.A. 21-3705(b)(criminal deprivation of property, a nonperson felony). The court relied not only upon *Miller's* determination of a lack of jurisdiction to modify under the KSGA, but also the absence of modification authority in K.S.A. 21-3705:

"Further, the plain language of K.S.A. 21-3705 does not authorize the district court to modify a sentence but merely stated a defendant must serve the mandatory jail time before he or she is eligible for probation, suspension or reduction of his sentence, or parole." 26 Kan. App. 2d at 273-74.

The Court of Appeals in the case at bar took a somewhat different analytical path. It observed that until 1999 both K.S.A. 21-3705(b) and K.S.A. 8-1567(f)(the felony DUI provision) were exempted from the sentencing guidelines grid for nondrug felonies under the KSGA. The court specifically noted the provisions of K.S.A. 21-4704(i) in effect at the time of the crime for which Smith was convicted:

" 'The sentence for the violation of the felony provision of K.S.A. 8-1567 [DUI] and subsection (b) of K.S.A. 21-3705 [criminal deprivation of property], and amendments thereto shall be as provided by the specific mandatory sentencing requirements of that section and shall not be subject to the provisions of this section or K.S.A. 21-4707 and amendments thereto. Notwithstanding the provisions of any other section, the term of imprisonment imposed for the violation of the felony provision of K.S.A. 8-1567 and subsection (b) of K.S.A. 21-3705, and amendments thereto shall not be served in a state facility in the custody of the secretary of corrections.' " 30 Kan. App. 2d 429-30.

The Court of Appeals conceded that K.S.A. 21-4704(i) specifically refers to only two sections that contain exemptions from the KSGA, K.S.A. 21-4704 (sentencing guidelines grid for nondrug crimes) and K.S.A. 21-4707 (sentencing crime severity scale for nondrug crimes). It concluded, however, that "applying only a portion of the KSGA provisions to nongrid felonies distorts the overall purpose and scheme of the KSGA." 30 Kan. App. 2d at 430. As a result of the court's interpretation, it held that the district court retains jurisdiction to modify a nongrid felony DUI sentence.

We depart from the analytical path of the Court of Appeals below and return to the path of the *Smith* court to ask the more basic question: Does statutory authority exist for the modification of legal sentences after imposition?

As mentioned, the sentencing of a defendant is strictly controlled by statute in Kansas; accordingly, the authority to modify a sentence is strictly statutory. *State v. Saft,* 244 Kan. at 518 ("The court's authority to modify a sentence is found at K.S.A. 21-4603[3]."). As a result, in *Saft* we refused to add a judicially created sentence modification exception to those statutory exceptions created by the legislature:

"The legislature, by specifying those instances in which a defendant may move for sentence modification outside the original 120 days, has indicated these to be limited exceptions. Had the legislature intended for other exceptions, it could easily have granted the court authority to modify 'within 120 days after a sentence is imposed or *modified.*' " 244 Kan. at 520-21.

Similarly, in *Miller* we held that upon the legislature's intentional elimination of the statutory authority to modify after sentencing, no such authority existed. The defendant's contention "has no statutory support and is inconsistent with the elimination of *the court's statutory power of sentence modification.*" (Emphasis added.) 260 Kan. at 900. See also *State v. Bost,* 21 Kan. App. 2d 560, 565, 903 P.2d 160 (1995) (The legislature has revoked the statutory ability to have one's sentence modified after sentencing.).

One might argue that the legislature's elimination of the general statutory authority to modify after sentence imposition (K.S.A. 21-4603[3]) is of no import because the DUI statute is specifically excluded from the KSGA under K.S.A. 21-4704(i). Under this argument, the alleged authority to modify DUI sentences imposed under K.S.A. 8-1567(f) must derive from that statute's own language: "[T]he person convicted shall not be eligible for release on probation, suspension or reduction of sentence or parole until the person has served at least 90 days' imprisonment."

In *Smith,* the Court of Appeals examined virtually identical language in the other statute then exempted under K.S.A. 21-4704(i). That language in 21-3705(b) provided: "The person convicted shall not be eligible for release on probation, suspension or reduction

of sentence or parole until the person has served the minimum mandatory sentence as provided herein."

The *Smith* court expressly held, however, "[t]he plain language of K.S.A. 21-3705 does not authorize the district court to modify a sentence." 26 Kan. App. 2d at 273. Rather, the language there "merely stated a defendant must serve the mandatory jail time before he or she is eligible for probation, suspension or reduction of his sentence, or parole." 26 Kan. App. 2d at 273. We agree with the *Smith* court's reading; Nothing in the DUI statute authorizes the district court to modify a sentence. Without the authority granted by statute, the court has no ability to modify. In short, neither the present DUI statute nor the criminal deprivation of property statute at issue in *Smith* expressly states the district court's authority to modify sentences as did the former 21-4603(d). " 'When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be.' " *Miller*, 260 Kan. at 895 (quoting *Martindale v. Tenney*, 250 Kan. 621, Syl. ¶ 2, 829 P.2d 561 [1992]).

Moreover, there is nothing in the legislative history and amendments to the KSGA in general or 21-4704(i) in particular which suggests the nongrid crimes of felony DUI and criminal deprivation of a motor vehicle were to be excluded from the KSGA for any issue other than length of sentence. This conclusion is consistent with the plain language of K.S.A. 1999 Supp. 21-4704(i):

> "The *sentence* for the violation of the felony provision of K.S.A. 8-1567 . . . and amendments thereto *shall be as provided by the specific mandatory sentencing requirements of that section* and shall not be subject to the provisions of this section [21-4704, sentencing guidelines grid for nondrug crimes] or K.S.A. 21-4707 and amendments thereto [crime severity scale for nondrug crimes]." (Emphasis added.)

To hold otherwise is to usurp the authority, and disregard the intentional direction, of the legislature. We reverse the Court of Appeals and affirm the judgment of the district court dismissing Anthony's motion for lack of jurisdiction.