(201 P.3d 724)
No. 99,960

STATE OF KANSAS, *Appellant,* v. DONNA K. TROSTLE (HANSON), *Appellee.*

Opinion filed February 6, 2009.

*Heather R. Jones,* county attorney, and *Stephen N. Six,* attorney general, for appellant.

*Janine N. Cox,* of Kansas Appellate Defender Office, for appellee.

Before RULON, C.J., GREENE, J., and LARSON, S.J.

RULON, C.J.: The State appeals, as a question reserved by the prosecution under K.S.A. 22-3602(b)(3), the district court's decision that it had "reserved" its jurisdiction to release defendant

Donna K. Trostle (Hanson) from jail prior to the completion of the 1-year jail sentence originally imposed. The State contends this was an unlawful modification of the defendant's sentence and the district court was without jurisdiction to take such action. We agree.

## Underlying Facts

The State charged the defendant in case 06 CR 367 with four counts of criminal conduct: (1) three alternative counts of felony driving under the influence (DUI), in violation of K.S.A. 2006 Supp. 8-1567(g); (2) one count of no proof of liability insurance, in violation of K.S.A. 2006 Supp. 40-3104(d); (3) one count of transporting an open container, in violation of K.S.A. 2006 Supp. 8-1599; and (4) one count of driving on the left side of the roadway, in violation of K.S.A. 8-1514.

The defendant and the State entered into a plea agreement covering case 06 CR 367 and four other unrelated cases. The defendant agreed to plead no contest to all four counts in case 06 CR 367 and to all three counts in Franklin County case 07 CR 90. In exchange, the State agreed to dismiss the other three cases.

The parties agreed to jointly recommend the defendant be sentenced to and serve a 1-year jail sentence for the DUI count in case 06 CR 367, to be served consecutively to a 6-month jail sentence recommended by the parties for case 07 CR 90.

Eventually, the district court accepted the defendant's no contest pleas to the four counts in case 06 CR 367 and found her guilty of all counts. The district court additionally accepted the defendant's no contest pleas to the three counts in case 07 CR 90 and found her guilty of all counts. The district court granted the State's motion to dismiss three other cases.

At sentencing the parties recommended the defendant serve 1 year in jail for the DUI conviction, with no provision for work release or electronic monitoring, due to the defendant's prior record. The district court sentenced the defendant to 1 year in the custody of the Franklin County Sheriff's Office for the felony DUI, with credit for time served, and assessed the statutory fine of $2,500. After assessing further fines for the remaining counts in case 06 CR 367, the district judge stated, "I would reserve juris-

diction in this case to consider an alternative to incarceration, but no motions for alternatives to incarceration would be entertained by the court until the defendant has served nine months county jail, including whatever jail time she may have already served awaiting disposition of the action." The court then ordered fees, costs, and postrelease treatment and supervision.

The district court then sentenced the defendant for her battery against a law enforcement officer conviction in case 07 CR 90 to 6 months in the county jail to be served consecutive to the sentence in case 06 CR 367. The court further stated:

"All right, as a — the court, without me saying it, has jurisdiction to consider any motion for parole from the 6 month battery on a law enforcement sentence because that's a misdemeanor, but obviously no motions could even be filed until the defendant has flattened her sentence on the felony DUI. Let me go ahead and fill out these commitment orders here."

The district court subsequently executed a commitment order for 1 year and filed a journal entry of judgment reflecting a 12-month jail sentence in case 06 CR 367. The journal entry included the notation: "Ct. reserves jurisdiction to entertain mot for alternative sent after serving 9 mos."

After having served nearly 9 months, the defendant filed a pleading styled "Motion for Modification of Sentence to Electronic Monitoring," noting the district court had "reserved jurisdiction to entertain a motion for alternative sentencing after the defendant had served 9 months." Because the defendant's total time served was nearly 9 months, she requested release from jail and placement in electronic monitoring so she could relocate to Lawrence to live with her son.

The State filed a written response to the motion, asserting the district court lacked jurisdiction to modify a sentence legally imposed under the felony DUI statute and asking the district court to deny the motion. During a hearing on the defendant's motion, the defendant stated she should have titled the motion as a motion for alternative sentencing instead of as a motion for modification of sentence, and offered various reasons in support of alternative sentencing, including family and medical history and behavior while in jail.

The State responded the district court was without statutory authority to modify the sentence or to reserve jurisdiction to do so and the defendant's requested modification would violate the plea agreement. The defendant argued the State missed its opportunity to raise these objections by failing to appeal from the sentencing and by signing the journal entry in which the district court reserved jurisdiction.

After a hearing on the defendant's motion, the district court found it had jurisdiction to modify the defendant's sentence. The district court cited the defendant's good behavior while in jail and then released her from custody in case 06 CR 367 while placing her on 12 months' probation in case 07 CR 90.

This appeal followed.

The State appeals the district court's decision to modify the defendant's sentence as a question reserved under K.S.A. 22-3602(b)(3). Our Supreme Court has concluded:

"[T]he purpose of a State's appeal on a question reserved is to provide an answer to a question of statewide importance that will aid in the correct and uniform administration of the criminal law in future cases. [Citation omitted.] The court will decline to entertain questions reserved by the State that have insufficient statewide importance. [Citation omitted.]" *State v. Mathis*, 281 Kan. 99, 103, 130 P.3d 14 (2006).

The defendant contends the question here does not raise a question of statewide importance and does not have any implication beyond the unique facts of the present case. We conclude the district court's approach to sentencing in this case presents a novel question of law as to a district court's postsentencing jurisdiction in a criminal case, and the answer to this question will indeed "aid in the correct and uniform administration of the criminal law in future cases." We accept jurisdiction of the question reserved by the State.

### Jurisdiction to Modify Due to "Reservation" of Jurisdiction

The question presented by the State is whether the district court had jurisdiction to modify the defendant's sentence and release her from jail before the completion of the 1-year jail sentence originally imposed by the court. The State contends the district court had no

such authority under the applicable Kansas statutory and case law. We agree.

·The defendant contends the original sentence essentially provided for 9 months' incarceration followed by alternative sentencing and as such the district court's later actions did not constitute a modification of the sentence.

Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. Denney*, 283 Kan. 781, 787, 156 P.3d 1275 (2007). To the extent this case will require statutory interpretation, such interpretation is a question of law over which this court has unlimited review. See *State v. Storey*, 286 Kan. 7, 9-10, 179 P.3d 1137 (2008).

Our Supreme Court has held the Kansas Sentencing Guidelines Act does not vest a district court with continuing jurisdiction after a sentencing proceeding is concluded. *State v. Miller*, 260 Kan. 892, 900, 926 P.2d 652 (1996).

The defendant here was sentenced under K.S.A. 2006 Supp. 8-1567(g), a felony DUI provision. In *State v. Anthony*, 274 Kan. 998, 1001-02, 58 P.3d 742 (2002), our Supreme Court extended its holding in *Miller* to include sentencing for felony DUI under K.S.A. 8-1567. Once a court has imposed a legal sentence for felony DUI under 8-1567, the district court has no jurisdiction to modify that sentence except to correct "arithmetic or clerical errors" pursuant to K.S.A. 21-4721(i).

The focus of the defendant's argument is whether the district court's actions actually constituted a modification of the sentence. According to the defendant, her postsentencing motion was "inartfully designated as a motion for modification." The defendant claims the district court's provision for alternative sentencing after 9 months was included or "reserved" in the original sentence and thus no motion to modify was necessary.

At the hearing on the defendant's motion to modify sentence the district judge stated:

"I did on June 18th reserve jurisdiction, and perhaps I made the same slight error that [defense counsel] did in filing her motion. I may have used the incorrect term. I believe it was fully within my authority and jurisdiction on June 18th of '07 to impose a sentence which included after the expiration of 9 months consid-

ering release on electronic monitoring or alternatives to incarceration. Whether that's actually reserving jurisdiction or making that a part of my sentence in June of 2007 I think is basically semantics, but I would find that I do have the authority to consider this motion for modification or this motion to enforce what the court indicated it would consider back in June of '07."

Despite the position of the defendant and the district court, the record here reflects an unlawful sentence modification occurred.

A sentence is effective when pronounced from the bench, and the sentencing statutes give the district court no continuing jurisdiction after the sentencing proceeding is concluded. *Miller*, 260 Kan. at 900. If the district court wanted to impose alternative sentencing, it needed to be ordered while originally sentencing the defendant. Instead, the district court sentenced the defendant to 1 year in the custody of the Franklin County Sheriff's Office. After imposition of sentence, no modification of the sentence is permissible, despite a prior "reservation" of jurisdiction to do so.

By releasing the defendant upon her motion, the district court effectively modified her sentence.

### Appropriateness of Remand

As a result of a colloquy between this court and the prosecutor during oral argument, we need not consider the appropriateness of remand for imposition of the original sentence.

The State's appeal on a question reserved is sustained.