NOT DESIGNATED FOR PUBLICATION

No. 111,196

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHERYL MCANALLY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES FRANKLIN DAVIS, judge. Opinion filed September 4, 2015. Vacated and remanded with directions.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, senior deputy district attorney, *Paul E. Brothers*, legal intern, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., SCHROEDER and GARDNER, JJ.

LEBEN, J.: Cheryl McAnally appeals the district court's order that she pay $900,000 in restitution—an order that was entered without a hearing. The order contained the signatures of the prosecutor, McAnally's attorney, and the judge, but not McAnally herself. The procedures used by the district court in this case reflect the lax standards in place—and the problems they created—before a series of 2014 Kansas Supreme Court decisions set clearer standards.

Let's start with what happened in our case. McAnally pled guilty to one count of felony theft and four counts of forgery. She had embezzled money from Overland Park Regional Medical Staff bank accounts, and she had forged the signature of a doctor authorized to sign checks on several checks she had written to herself.

At her sentencing hearing held September 25, 2013, the district court sentenced her to serve 96 months in prison. The State sought $1,002,727.35 in restitution. In response, McAnally's attorney objected and asked to hold restitution open for 30 days to allow the parties to try to agree on an amount; if no agreement was reached, he suggested the court could then hold an evidentiary hearing. The prosecutor told the court that the parties were $950,000 apart in their proposed restitution amounts and suggested a 1-hour hearing.

The court agreed to hold a further hearing but set the maximum restitution amount at $1,002,727.35:

> "The restitution has been somewhat debatable here. I'm going to make a finding that the restitution [owed] is not to exceed $1,002,727.35. If you believe it is less than that, I'll give you a chance to come in and present your documentation, and we will schedule another hearing to consider the issue of restitution.
>
> "But for today, the restitution figure is set at $1,002,727.35."

The court's written order provided for restitution of $1,002,727.35 but had a handwritten note: "[Defendant] to challenge amount 11/7/13," apparently reflecting an initial date set for a hearing in the district court.

The district court's docket entries show that the November 7, 2013, hearing was reset for December 12, 2013, but that hearing was canceled. On January 13, 2014, the court filed an "Amended Restitution Order" setting restitution at $900,000. The written

2

order said it was made on December 12, 2013, the day the hearing had been scheduled, and it was signed by the prosecutor, the defense attorney, and the district judge. McAnally did not sign the order.

We turn next to our Supreme Court's 2014 restitution decisions: *State v. Hall*, 298 Kan. 978, 319 P.3d 506 (2014); *State v. Frierson*, 298 Kan. 1005, 319 P.3d 515 (2014); and *State v. Charles*, 298 Kan. 993, 318 P.3d 997 (2014).

In *Hall* and *Frierson*, the court explained that because restitution is part of the defendant's sentence, its amount must be set in open court with the defendant present unless the defendant waives the right to be there. *Hall*, 298 Kan. 978, Syl. ¶¶ 1, 3; *Frierson*, 298 Kan. 1005, Syl. ¶¶ 7, 9. The court also noted in both cases that although a sentencing hearing may be continued or bifurcated so that restitution may be decided later, the court should specifically order the continuation or bifurcation. *Hall*, 298 Kan. 978, Syl. ¶ 2; *Frierson*, 298 Kan. 1005, Syl. ¶ 8. And in *Charles*, the court determined that a restitution award entered in a written order after sentencing was void for lack of subject-matter jurisdiction unless the sentencing court, during the sentencing hearing, had specifically reserved authority to make that order. 298 Kan. 993, Syl. ¶ 3.

With this background, we can now proceed to consider McAnally's arguments on appeal.

Her initial claim is that the district court didn't properly reserve jurisdiction to enter a modified restitution order after sentencing. She cites *State v. Trostle*, 41 Kan. App. 2d 98, 201 P.3d 724 (2009), in which the district court initially sentenced the defendant to 1 year in jail but said it would reserve jurisdiction to consider modification of the sentence after 9 months. We held that the court lost jurisdiction to modify the sentence once it was pronounced from the bench, so it could not modify it later.

3

But *Trostle* involves the incarceration part of the sentence, not restitution, and it predates *Hall* and *Frierson*. Those cases make clear that the district court can continue or bifurcate a hearing to consider restitution issues at a later date. The district court did so in McAnally's case. Accordingly, it had subject-matter jurisdiction to consider restitution even after the initial September 25, 2013, sentencing hearing.

In the alternative, McAnally contends that even if the district court had retained jurisdiction over restitution, its order was improper because the defendant was not present and, according to McAnally's appellate brief, "it is questionable whether she acquiesced to the agreed upon restitution figure." She asks that we set aside the restitution order and remand to the district court for a hearing to determine the restitution amount.

It's clear under *Hall* and *Frierson* that the restitution order can't be entered other than in open court in the defendant's presence unless the defendant waives those rights. The State essentially argues that McAnally did so when her attorney signed the order setting restitution at $900,000.

Our court has faced a similar issue in two cases. In *State v. Gaines*, No. 103,219, 2014 WL 4080022, at *2-3 (Kan. App. 2014) (unpublished opinion), the district court said that it would hold restitution open for 30 days, but a further hearing was never held. Instead, as here, the court entered a written order. The defendant wasn't present, and the record contained no explicit waiver of his right to be. With no indication of waiver, we vacated the restitution order and remanded the case for a hearing in the defendant's presence.

In *State v. McLinn*, No. 104,882, 2014 WL 3843071, at *4 (Kan. App.) (unpublished opinion), *rev. denied* 300 Kan. 1106 (2014), on similar facts, we affirmed the restitution order, concluding that the defendant "impliedly waived his right to be present at a restitution hearing by accepting that he owed restitution and accepting the

4

amount owed." We noted that the defendant "did not object to either the order of restitution or the extension" of time for entering it. The defendant's argument on appeal was that the district court lacked subject-matter jurisdiction to enter a restitution order after sentencing, not that he disagreed with the amount of restitution. See Appellant's Brief, *State v. McLinn*, No. 104,882, 2010 WL 5626349, at *4-8.

Our Supreme Court faced a similar question in *Frierson*, where it affirmed the restitution order. But there, "Frierson [did] not argue that the procedure followed in this case violated his right to be present." 298 Kan. at 1021. Accordingly, the court deemed waived any objection based on that right.

In our case, McAnally *has* complained on appeal about the procedure used in the district court, including the violation of her right to be present. The restitution order entered here is quite large, and the gap between the parties' positions also was quite large when the court held its only sentencing hearing.

A defendant has both a statutory and constitutional right to be present at sentencing. See K.S.A. 2014 Supp. 22-3405(a); *State v. Braun*, 253 Kan. 141, 147, 853 P.2d 686 (1993) (referencing defendant's "constitutional, statutory, and common-law right to be present at the sentencing stages of the trial"); *United States v. Santiago*, 769 F.3d 1, 10 (1st Cir. 2014) (noting "well settled" rule that defendant has constitutional right to be present at sentencing); *United States v. Vega*, 332 F.3d 849, 852 (5th Cir. 2003) ("[A] defendant has a constitutional right to be present at sentencing."); *United States v. Williams*, 641 F.3d 758, 764 (6th Cir. 2011) (noting cases from several federal circuit courts that defendant has constitutional right to be present at sentencing). When a defendant's constitutional right to be present at a critical stage of the trial has been denied, the error is harmless only if the State proves beyond a reasonable doubt that the error did not affect the outcome. *State v. Herbel*, 296 Kan. 1101, Syl. ¶ 2, 229 P.3d 292 (2013). The State has not met that significant burden here. The defendant has substantial

5

knowledge about the facts of the case, and we cannot say that her presence wouldn't have been significant in figuring out the proper restitution amount.

We vacate the district court's restitution order and remand for further proceedings consistent with this opinion.

* * *

GARDNER, J.: I respectfully dissent. I agree with the majority's decision on the jurisdictional issue, but do not agree that the restitution order must be vacated because the defendant was not present. I believe the court should inquire whether McAnally waived her right to be present, see *State v. Hall,* 298 Kan. 978, Syl. ¶¶ 1, 3, 319 P.3d 506 (2014); *State v. Charles,* 298 Kan. 993, 1002-03, 318 P.3d 997 (2014); *State v. Frierson,* 298 Kan. 1005, Syl. ¶¶ 7, 9, 319 P.3d 515 (2014), and should find that she impliedly did so.

McAnally was present at the initial sentencing hearing in which the court set a cap on the amount of restitution that could subsequently be ordered, yet McAnally raised no objection then to its amount or to the continuance of the hearing in which the precise amount of restitution was to be decided. The scheduled evidentiary hearing was not held because the parties agreed on an amount of restitution and presented to the judge for his signature an agreed order, signed by counsel for both parties. McAnally did not object at that time that the agreed order did not in fact represent her agreement or that the process somehow violated her right to be present. In fact, McAnally does not contend even now that the amount of restitution is incorrect – she merely suggests that "it is questionable whether she acquiesced to the agreed upon restitution figure."

As our Supreme Court stated in *Hall*, "a defendant may waive his or her right to be present at a continued sentencing hearing [to determine restitution], but a district judge would be well advised to see that a defendant's waiver appears on the record." 298 Kan.

6

at 987-88. Nonetheless, this language does not mean that an express waiver is necessary, and the court's companion decision in *Frierson*, decided the same day as *Hall*, illustrates that it is not.

In *Frierson*, 298 Kan. 1005, the Kansas Supreme Court examined what an acceptable waiver might have looked like in this context, finding: "We are satisfied here despite the absence of a continued hearing in open court with Frierson present, even though the record contains no explicit waiver of his right to be present." 298 Kan. at 1021. *Frierson* found that the defendant had impliedly waived his right to be present at a restitution hearing because: (1) he agreed in open court at the sentencing hearing to extend jurisdiction for 30 days so the parties could settle the amount of restitution he would owe; and (2) his attorney signed the judge's order requiring Frierson to pay additional restitution. 298 Kan. 1005, Syl. ¶¶ 9-10. Although Frierson did not contend that his right to be present had been violated, the court's finding that Frierson had impliedly waived his right to be present surely would not have been to the contrary had Frierson raised that issue.

Similarly, in *McLinn*, the district court, in open court with McLinn present, granted a continuance to determine restitution. McLinn did not object to either the order of restitution or the extension. Later, McLinn's attorney signed the order setting the amount of restitution McLinn was required to pay. This court relied on these facts alone to find "[t]hus, under *Frierson,* McLinn impliedly waived his right to be present at a restitution hearing by accepting that he owed restitution and accepting the amount owed." 2014 WL 3843071, at *4. Based on those facts, McLinn found the district court "had jurisdiction to impose restitution through a written order and without a hearing," but its finding that McLinn had impliedly waived his right to be present would surely not have been different had that issue been raised. 2014 WL 3843071, at *4.

7

In my view, the facts here are indistinguishable from those that *Frierson* and *McLinn* relied on in finding implied waivers. I would find that McAnally impliedly waived her right to be present and would therefore affirm.