NOT DESIGNATED FOR PUBLICATION

No. 112,291

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

OMAR JASON SAMPSEL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; WENDEL W. WURST, judge. Opinion filed September 11, 2015. Affirmed.

*Johnathan M. Grube*, of Kansas Appellate Defender Office, for appellant.

*Brian R. Sherwood*, assistant county attorney, *Susan Lynn Hillier Richmeier*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., HILL, J., and TIMOTHY G. LAHEY, District Judge, assigned.

*Per Curiam*:  Omar Jason Sampsel pled no contest to one count of driving under the influence of alcohol or drugs third offense, a nongrid nonperson felony, in violation of K.S.A. 2013 Supp. 8-1567(a)(2) and (b)(1)(D). As part of a plea agreement with the State, the State agreed to recommend that the trial court sentence Sampsel to 120 days in jail followed by 1 year of post-release supervision. At sentencing, however, the trial court decided not to follow this recommendation. Instead, the trial court sentenced Sampsel to 180 days in jail followed by 1 year of post-release supervision. Sampsel appeals his 180-day jail sentence, arguing that the trial court entered his sentence because of partiality,

1

prejudice, oppression, or corrupt motive. Nevertheless, Sampsel has abandoned this argument on appeal by failing to adequately brief his argument. Moreover, even if Sampsel had not abandoned his argument, the trial court did not abuse its discretion by sentencing Sampsel to a 180-day jail sentence. Accordingly, we affirm.

On January 18, 2014, Sampsel drove his car into the wrong lane of the highway, forcing another driver, Zachary Worf, into a ditch. Sampsel kept driving after he forced Worf into the ditch. Later the same evening, Worf came across Sampsel's parked car off the side of the highway. At this point, Worf called law enforcement. A Kansas highway patrolman found Sampsel passed out in the driver's seat of his parked car. Sampsel presented several indicators of driving under the influence (DUI). Sampsel admitted he had been drinking that evening. Moreover, Sampsel told the highway patrolman that he was on his way to get more alcohol at the liquor store. The highway patrolman arrested Sampsel and brought him to the county law enforcement center for a breath test. Sampsel failed the breath test.

Because this was Sampsel's third DUI within the past 10 years, the State charged Sampsel with one count of DUI of alcohol or drugs third offense, a nongrid nonperson felony, in violation of K.S.A. 2013 Supp. 8-1567(a)(2) and (b)(1)(D). The State additionally charged Sampsel with one count of driving left of center, a traffic infraction, in violation of K.S.A. 8-1514, and one count of reckless driving, an unclassified misdemeanor, in violation of K.S.A. 8-1566.

Sampsel eventually entered into a plea agreement. Under the plea agreement, the State agreed to dismiss the count of driving left of center and the count of reckless driving if Sampsel pled no contest to DUI of alcohol or drugs. Moreover, under the plea agreement, the State agreed to recommend that the trial court sentence Sampsel to 120 days in jail followed by 1 year of post-release supervision. Post-release supervision in

2

DUI cases is also known as post imprisonment supervision. See K.S.A. 2013 Supp. 8-1567(b)(3).

Sampsel pled no contest to one count of DUI of alcohol or drugs in accordance with the plea agreement. At sentencing, however, the trial court ordered that Sampsel serve 180 days in jail followed by 1 year of post-release supervision. The trial court reasoned:

> "I ordinarily try to follow joint recommendations that are made regarding sentencing because I understand a need for folks to have some expectations that the Court will rely on those. However, I have reviewed the Affidavit in this case which revealed a .334 blood alcohol content, the statements from Mr. Sampsel that he was going to a liquor store. This is a situation where there was a near accident with people being run off the road while Mr. Sampsel's vehicle went left of center towards oncoming traffic. The victim's statements were he nearly killed my family. Mr. Sampsel's statements to the officer included, 'I'm not a bad guy; I just have a drinking problem.' But because of the seriousness of this situation and the hope that something more than 120 day sentence will have some impact on you as you try and deal with the drinking problem that you have, that you get some help, it will be the sentence of the Court that the defendant be sentenced into the custody of the Finney County Sherriff for a term of 180 days in the Finney County Jail. I'll order that that jail sentence be imposed."

*Did the Trial Court Err in Sentencing Sampsel?*

This court reviews a trial court's sentencing decision for an abuse of discretion. *State v. McCloud,* 257 Kan. 1, 5, 891 P.2d 324, *cert. denied* 516 U.S. 837 (1995). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The sentencing of a defendant convicted of DUI is strictly governed by statute. See K.S.A. 2013 8-1567; *State v. Anthony*, 274 Kan. 998, 1001, 58 P.3d 742 (2002). Because DUI sentencing is not covered by the Kansas

sentencing guidelines, this court may also set aside a defendant's sentence if the defendant's sentence was entered as a result of partiality, prejudice, oppression, or corrupt motive. See *McCloud,* 257 Kan. at 8-9; *State v. Heim*, No. 108,124, 2013 WL 5925905, at \*2 (Kan. App. 2013) (unpublished opinion), *rev. denied* 300 Kan. 1105 (2014).

On appeal, Sampsel argues that the trial court abused its discretion when it sentenced him to the 180-day jail sentence. Sampsel asserts that the trial court sentenced him to 180 days in jail, instead of 120 days in jail in accordance with his plea agreement, as a result of the trial court's partiality, prejudice, oppression, and corrupt motive.

Yet, Sampsel does not provide any evidence to support this argument. Sampsel never explains how the trial court entered his sentence with partiality, prejudice, oppression, or corrupt motive. Additionally, Sampsel does not cite any authority to support his claim that the trial court acted improperly when it decided not to follow the plea agreement.

Our Supreme Court has held that "'[a] point raised incidentally in a brief and not argued there is deemed abandoned.'" *State v. Llamas,* 298 Kan. 246, 264, 311 P.3d 399 (2013) (quoting *State v. Holman,* 295 Kan. 116, 139, 284 P.3d 251 [2012]). Furthermore, failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue. *State v. Tague*, 296 Kan. 993, 1001, 298 P.3d 273 (2013). Because Sampsel has simply stated that the trial court erred, without providing any argument, evidence, or authority to support his contention, Sampsel has abandoned this issue on appeal.

Moreover, even if Sampsel had not abandoned his argument, his argument would still fail because the trial court did not abuse its discretion. Sentencing recommendations made as part of a plea agreement are not binding on the trial court. *Mosher*, 299 Kan. at 2. Thus, the trial court was not required to sentence Sampsel in accordance with his plea

4

agreement. At sentencing, the trial court clearly stated its reasoning for not following the plea agreement, noting that Sampsel has a serious drinking problem and that Sampsel nearly killed someone. Moreover, Sampsel's sentence complied with the statute. K.S.A. 2013 Supp. 8-1567(b)(1)(D) states that a person must be "sentenced to not less than 90 days nor more than one year's imprisonment" for a third conviction DUI offense. Accordingly, the trial court did not abuse its discretion by sentencing Sampsel to 180 days in jail because it was statutorily appropriate under K.S.A. 2013 Supp. 8-1567(b)(1)(D). As a result, Sampsel's argument fails.

Affirmed.