NOT DESIGNATED FOR PUBLICATION

No. 112,652

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALPHONSO MONTGOMERY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; KEVIN P. MORIARTY, judge. Opinion filed November 20, 2015. Vacated and remanded with directions.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, senior deputy district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., BRUNS, J., and ROBERT W. FAIRCHILD, District Judge, assigned.

*Per Curiam*:  Alphonso Montgomery appeals the sentence imposed following his guilty plea to charges of refusal to submit to testing and of DUI (fourth offense). On appeal, Montgomery contends that the district court did not use a specified risk assessment tool to assess his risk and needs before ordering that he serve intensive postimprisonment supervision. Because K.S.A. 2014 Supp. 8-1567(b)(3) requires the district court to consider an offender's risk and needs when determining the appropriate level of supervision, we find that the district court failed to meet the statutory

1

requirement in imposing Montgomery's postimprisonment supervision. Thus, we vacate Montgomery's sentence and remand for resentencing.

FACTS

As part of a plea agreement, Montgomery pled guilty on June 23, 2014, in Johnson County District Court to one count of felony driving under the influence (DUI)—his fourth conviction—in violation of K.S.A. 2014 Supp. 8-1567 and to one count of felony refusal to submit to testing in violation of K.S.A. 2014 Supp. 8-1025. Moreover, the State agreed to dismiss the three other charges against Montgomery as part of the plea agreement.

On August 4, 2014, the district court sentenced Montgomery to 6 months in jail and 12 months of postrelease supervision, which is also referred to as postimprisonment supervision in DUI cases. The district court ordered Montgomery's sentence to run consecutive to his sentence in an unrelated Franklin County case. By the time he was sentenced in the Johnson County case, Montgomery had already served his jail time. However, the district court ordered that Montgomery's DUI postimprisonment supervision should begin after his release on his Franklin County case.

At the sentencing hearing, the prosecutor asked the district court what level of supervision Montgomery would be subject to since he had not gotten an "LSI-R" because he was in custody. LSI-R is an acronym for Level of Service Inventory-Revised, which is an instrument used to assess one's potential risk of re-offending. In response, the district court stated that Montgomery would receive intensive supervision following his release in the Franklin County case. Although Montgomery was personally present and represented by counsel, he did not object or request a different level of postimprisonment supervision.

2

On August 7, 2014, the district court filed an order requiring Montgomery to serve 12 months of postimprisonment supervision. As for the level of supervision, the order stated that Montgomery "shall comply with the LSI-R Case Plan" and all rules and regulations of the program. It also stated that the supervising officer "may require" Johnson County Community Corrections for intensive supervision.

ANALYSIS

Montgomery contends for the first time on appeal that the district court erred in ordering him to serve his postimprisonment supervision in intensive supervision without aid of an LSI-R assessment on which to base its finding. He argues that the district court's decision violated K.S.A. 2014 Supp. 8-1567(b)(3), which requires a determination of whether an offender should be supervised by community correctional services or court services based on the risk and needs of the offender determined by using a risk assessment tool. In response, the State argues that even if the district court committed error by sentencing Montgomery without an LSI-R, such error would be harmless.

"The interpretation, construction, and application of a statute are questions of law subject to unlimited review." *State v. Vrabel*, 301 Kan. 797, 802, 347 P.3d 201 (2015). The sentencing of a defendant convicted of DUI is strictly governed by statute. See K.S.A. 2014 Supp. 8-1567; *State v. Anthony*, 274 Kan. 998, 1001, 58 P.3d 742 (2002). Furthermore, because DUI sentencing is not covered by the Kansas sentencing guidelines, we have jurisdiction to consider an appeal of a presumptive sentence and may set aside a defendant's sentence if the defendant's sentence was entered as a result of partiality, prejudice, oppression, or corrupt motive. See *State v. Heim*, No. 108,124, 2013 WL 5925905, at *2 (Kan. App. 2013) (unpublished opinion), *rev. denied* 300 Kan. 1105 (2014).

In addition to requiring jail time for a fourth DUI conviction, K.S.A. 2014 Supp. 8-1567(b) directs that a mandatory 1-year period of postimprisonment supervision be imposed. Accordingly, it was appropriate for the district court to order 12 months postimprisonment supervision. The question remains, however, whether the district court erred in imposing intensive supervision without the assistance of an LSI-R or other risk assessment tool.

Specifically, the portion of the statute relating to the level of postimprisonment supervision provides:

> "The court shall determine whether the offender, upon release from imprisonment, shall be supervised by community correctional services or court services based upon the risk and needs of the offender. *The risk and needs of the offender shall be determined by use of a risk assessment tool specified by the Kansas sentencing commission*." (Emphasis added.) K.S.A. 2014 Supp. 8-1567(b)(3).

Montgomery failed to object below as to the level of supervision imposed or the lack of a risk assessment tool being used. As such, he would generally be precluded from raising the issue for the first time on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). However, Montgomery argues that we should nevertheless consider his argument because (1) it involves only a question of law arising on proved or admitted facts and is determinative of the case and (2) his sentence is illegal. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014); K.S.A. 22-3504(1). We agree that the sentence was illegal.

An illegal sentence can be corrected at any time, even for the first time on appeal. *Kelly*, 298 Kan. at 975; K.S.A. 22-3504(1). "An 'illegal sentence' is: (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or term of authorized punishment; or

(3) a sentence that is ambiguous with respect to the time and manner in which it is to be served." *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014).

In the present case, we find that Montgomery's sentence—to the extent that it imposes intensive postimprisonment supervision—is illegal because it does not conform to the applicable statutory provision. When a statute is plain and unambiguous, we are not to speculate about the legislative intent behind that clear language. Furthermore, we are to refrain from reading something into the statute that is not readily found in its words. *State v. Brooks*, 298 Kan. 672, 685, 317 P.3d 54 (2014).

The statutory language at issue clearly states: "The risk and needs of the offender *shall be determined by use of a risk assessment tool* specified by the Kansas sentencing commission." (Emphasis added.) K.S.A. 2014 Supp. 8-1567(b)(3). There is no ambiguity in this language. A district court is required to determine the appropriate level of postimprisonment supervision based on that offender's risk and needs as determined using a risk assessment tool specified by the Kansas Sentencing Commission. Here, it is undisputed that the district court used no risk assessment tool of any kind.

Nevertheless, the State argues that Montgomery cannot complain about the district court's failure to use a risk assessment tool because he decided to be transported from Franklin County for his plea and sentencing in this case and he failed to request a continuance of sentencing due to the lack of an LSI-R. In support of this argument, the State relies on *State v. Spencer*, 31 Kan. App. 2d 681, 70 P.3d 1226, *rev. denied* 276 Kan. 973 (2003). In *Spencer*, a panel of this court considered whether a probationer was incorrectly placed on probation with community corrections rather than court services when a risk assessment was unavailable due to her refusal to submit to the assessment on the basis of her Fifth Amendment privilege against self-incrimination. The panel determined that Spencer had a right to refuse to submit to the assessment, but when she

5

did so, the district court was allowed to place her in the more intensive supervision category despite not having a risk assessment on which to rely. 31 Kan. App. 2d at 686.

Specifically, the *Spencer* court found:

"When adequate information is not available, it is not error for the trial court to place a convicted felon in the high risk status so that the needs of such a party will be met and the highest services be made available so that probation will most likely be successful and community protection will be achieved." 31 Kan. App. 2d at 686.

Unlike the defendant in *Spencer*, Montgomery did not refuse to submit to a risk assessment. Rather, there is nothing in the record to indicate that he was ever requested to participate in an assessment. Accordingly, we do not find *Spencer* to be particularly helpful in the resolution of this case.

Finally, we note that the State argues that the issue may be moot. Although the State may be correct, it has not provided us with anything to show that Montgomery's postimprisonment supervision has expired. Instead, a review of the record simply reveals that Montgomery's intensive supervision was to begin after he was released in the Franklin County case, and there is nothing in the record to show when that may have occurred. The record, therefore, does not contain sufficient information upon which we could find this matter to be moot.

In summary, because the district court failed to follow the statute's plain and unambiguous requirement that a risk assessment tool specified by the Kansas Sentencing Commission be utilized, we vacate that portion of Montgomery's sentence related to the

level of postimprisonment supervision to be imposed under K.S.A. 2014 Supp. 8-1567(b)(3)'s requirements and remand the case for resentencing.

Vacated and remanded with directions.