NOT DESIGNATED FOR PUBLICATION

No. 115,212

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DONNA KAY HANSON,
*Appellant.*

MEMORANDUM OPINION

Appeal from Douglas District Court; PEGGY C. KITTEL, judge. Opinion filed October 28, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before SCHROEDER, P.J., LEBEN and GARDNER, JJ.

LEBEN, J.: The district court sentenced Donna Kay Hanson to spend a year in the county jail—the maximum sentence—on her conviction for the felony offense of driving under the influence of alcohol. It was a felony because she had two prior DUI offenses during the time period the court was allowed to consider in determining the maximum penalty—but in truth it was Hanson's ninth DUI conviction. See K.S.A. 2015 Supp. 8-1567(i)(1) (providing that only convictions occurring on or after July 1, 2001, count toward determining whether conviction is first, second, third, fourth, or subsequent DUI conviction).

After Hanson began to serve her sentence, she filed a motion asking that the district court grant her parole from the remainder of the sentence. The district court

denied the motion, concluding that it had no jurisdiction to modify a felony DUI sentence after the sentence had been rendered. Hanson appealed, and we granted her motion for summary disposition of the appeal under K.S.A. 2015 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67).

Before addressing the issue on appeal, we will review the steps that led here. In January 2015, Hanson pled no contest to DUI as a third offense and to not having proof of insurance. The district court sentenced her to 1 year in county jail on each offense but ran the sentences concurrently, so her total sentence is 1 year.

After Hanson began serving the sentence, she filed a motion requesting parole. She argued that under the DUI sentencing and parole statutes, the district court could grant parole after sentencing, despite caselaw holding that the district court cannot modify DUI sentences after imposing them.

The district court denied the motion for parole in a written opinion, concluding that it had no jurisdiction to modify a DUI sentence after imposing it and that granting parole would be an impermissible sentence modification. Hanson has appealed to our court, arguing that the district court erred in denying her request for parole.

Whether the district court had jurisdiction is a question of law that we review independently, with no required deference to the district court's conclusion. *State v. Rizo*, 304 Kan. 974, 984, 377 P.3d 419 (2016). To the extent that resolving this case requires statutory interpretation, that interpretation is also a question of law that we review independently. *State v. Jeffries*, 304 Kan. 748, 751, 375 P.3d 316 (2016).

Sentences for DUI cases are governed by the specific penalty provisions in the DUI statute and not by the general Kansas sentencing guidelines. See K.S.A. 2015 Supp.

2

21-6804(i)(1); K.S.A. 2015 Supp. 8-1567. Hanson was convicted and sentenced under K.S.A. 2015 Supp. 8-1567(b)(1)(D), which provides:

> "The person convicted shall be sentenced to not less than 90 days nor more than one year's imprisonment and fined not less than $1,750 nor more than $2,500. *The person convicted shall not be eligible for release on probation, suspension or reduction of sentence or parole until the person has served at least 90 days' imprisonment.* The 90 days' imprisonment mandated by this subsection may be served in a work release program only after such person has served 48 consecutive hours' imprisonment, provided such work release program requires such person to return to confinement at the end of each day in the work release program." (Emphasis added.)

While the statute does reference the possibility of parole, the Kansas Supreme Court held in *State v. Anthony*, 274 Kan. 998, 1002, 58 P.3d 742 (2002), that district courts do not have jurisdiction to modify sentences for felony DUI convictions *after* imposing them. The *Anthony* court reasoned that under the general sentencing statutes, district courts could not modify sentences after imposing them except to correct arithmetic or clerical errors, so any authority to modify imposed DUI sentences would have to come from the specific DUI-sentencing statute. 274 Kan. at 1001. Our Supreme Court analyzed the language of K.S.A. 8-1567(f), the third-offense-DUI statute, which provided: "The person convicted shall not be eligible for release on probation, suspension or reduction of sentence or parole until the person has served at least 90 days' imprisonment." 274 Kan. at 1001. It concluded that nothing in the statute gave district courts the power to modify DUI sentences after imposing them. 274 Kan. at 1002.

Later cases have relied on *Anthony* in coming to the same result. In a case Hanson is familiar with, *State v. Trostle*, 41 Kan. App. 2d 98, 99-100, 201 P.3d 724 (2009), for example, the district court sentenced Donna Trostle (now Hanson, the same defendant as in this case) to 1 year in jail for a DUI conviction but claimed to reserve jurisdiction to consider alternatives to incarceration after she had served 9 months in jail. After she had

3

served almost 9 months, the district court granted her request to be released from jail and placed on electronic monitoring. A panel of our court determined that the district court had lacked jurisdiction to modify the sentence based on *Anthony* and *State v. Miller*, 260 Kan. 892, 900, 926 P.2d 652 (1996), *abrogated on other grounds by State v. Berreth*, 294 Kan. 98, 273 P.3d 752 (2012), noting that "[i]f the district court wanted to impose alternative sentencing, it needed to be ordered while originally sentencing the defendant." *Trostle*, 41 Kan. App. 2d at 103. Significantly, in *State v. Sanderson*, No. 104,052, 2011 WL 1377073, at *2 (Kan. App. 2011) (unpublished opinion), a panel of this court concluded that parole is a sentence modification and, therefore, if a district court wishes to grant parole in a DUI case, the court must order it at the time of sentencing.

Although the legislature has changed and amended the DUI statute over the years, the provision at issue in *Anthony* has remained the same. And no other provisions in the version of the DUI statute in effect when Hanson committed her latest DUI offense would authorize a court to later modify a defendant's sentence to grant parole. See K.S.A. 2015 Supp. 8-1567. In its opinion, the district court properly relied on *Anthony*, *Trostle*, and *Sanderson* to conclude that it had no jurisdiction to grant parole after sentencing. See also *State v. Neave*, No. 106,641, 2012 WL 1660618, at *1 (Kan. App. 2012) (unpublished opinion) (rejecting defendant's argument that district court had authority to grant parole after sentencing based on *Anthony*, *Trostle*, and *Sanderson*).

We affirm the district court's judgment.