(64 P.3d 465)

No. 89,006

STATE OF KANSAS, *Appellee,* v. CARLOS GARCIA II, *Appellant.*

Opinion filed March 14, 2003.

*Peter Maharry,* assistant appellate defender, and *Steven R. Zinn,* deputy appellate defender, for appellant.

*Lesley A. Isherwood,* assistant district attorney, *Nola Foulston,* district attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before RULON, C.J., JOHNSON, J., and ROGG, S.J.

JOHNSON, J.: Carlos Garcia appeals the revocation of his probation. The district court found that Garcia's graduation from Labette Correctional Conservation Camp (Labette) with fair to poor performance ratings did not satisfy the probation condition that he successfully complete Labette. We reverse the district court and remand to reinstate his probation.

Originally, Garcia was placed on probation for 24 months. A few months later, Garcia admitted that he had not complied with two of his probation conditions, and the district court found that Garcia had violated his probation.

The judge rejected counsel's request to place Garcia in a community corrections residential facility, stating: "I don't do that . . . unless he's mentally ill or mentally retarded." Similarly, the court summarily rejected a request to reinstate the original probation, stating: "That's not gonna happen. That leaves two

choices, doesn't it." After ascertaining that Garcia was interested in going to boot camp, the district court said:

"If the boot camp will take Mr. Garcia, I'll authorize him being transported there. If he successfully completes that program, we'll bring him back and put conditions of probation on him. If he's unsuccessful with that program, I'll just have the Sheriff pick him up there and send him on to the Secretary."

The journal entry of the probation revocation hearing stated that probation was revoked and reinstated under the same conditions with the modification that Garcia enter and successfully complete the Labette program. The journal entry specifically stated: "If defendant does not successfully complete Labette, probation should be revoked and defendant should serve original sentence." The sheriff was directed to return Garcia to court upon completion of the Labette program.

Garcia returned to court following graduation from the Labette program. Defense counsel requested that Garcia be placed in the community corrections field services program. The State requested that Garcia's probation be extended under the original terms and conditions for a period to terminate 12 months from the hearing date.

The court responded:

"Well, this case is probably one of a number we're going to start seeing on a regular basis where someone does not successfully complete the program at Labette but they won't kick 'em out because the Secretary's told them they can't kick 'em out.

"There's no question in my mind that Mr. Garcia was hand walked—and that's a bad term—nurse-maided through, what can we do to get Mr. Garcia out of here without telling the judge he's been unsuccessful.

"Maybe two years ago, certainly three years ago, Mr. Garcia would have been back in front of me probably three or four months ago as having failed the program.

"The question is whether I have any legal choice about whether I put him on probation or whether I send him on to the Secretary and just short-circuit, save Community Corrections a little bit of effort, maybe a lot of effort, save some community resources that will be wasted by putting Mr. Garcia into a treatment program. And clerk's time, my time, my staff's time, the District Attorney's office time. Or whether the law requires me to go through a charade of pretending that Mr. Garcia was successful.

"And I don't know the answer to that. Tell you what I'm gonna do. I'm gonna take the position that I have the right to do that. And I'm gonna give you a chance to bring me some law and tell me I'm wrong.

"I'll find—I'll put everybody on notice that any fair reading of the final report from Labette tells me that Mr. Garcia failed the program, did not take advantage of it, has no intention of taking advantage of it, has no intention of working a probation, period."

The district court then continued the proceedings for 2 weeks to allow the defense an opportunity to prepare argument refuting the court's position. The judge directed the State to review its plea agreement and, if the agreement did not preclude it, the State was "certainly welcome to pitch in and file anything you think I need to know."

At the continued hearing, defense counsel argued that *State v. Martin*, 270 Kan. 603, 17 P.3d 344 (2001), stands for the proposition that graduation from Labette is successful completion of the program. The judge noted that *Martin* had been his case; that the judge had sent Martin to the Secretary of Corrections who, in turn, sent him to Labette; that upon Martin's graduation from Labette, the Secretary had sent the district court a letter directing that it place Martin on probation, pursuant to statute; that the judge had then declared the statute unconstitutional; and that the Supreme Court found that the wrong version of the statute [K.S.A. 1998 Supp. 21-4603d(e)] had been applied so that the district court had no jurisdiction to rule on its constitutionality.

The State presented no legal authority, but dutifully argued that the district court had discretion to assess whether Garcia had "successfully completed" Labette, notwithstanding that facility's decision to graduate Garcia. The district court then stated for the record:

"I'm already on record as being of the opinion that the Department of Corrections can't send me someone to place on probation. They don't have the constitutional power to do that. They may have the statutory provision that says they can but it's unconstitutional.

"I'll reiterate my finding that Labette conservation camp report shows Mr. Garcia was unsuccessful. Because he was unsuccessful, I will not place him on probation. He'll go to the Secretary of Corrections to be—serve the underlying

felony sentence and then to be returned to Sedgwick County to serve the misdemeanor sentence."

On appeal, Garcia argues that: (1) the district court abused its discretion in finding a failure to successfully complete Labette after that program graduated Garcia; and (2) if graduation is not the criterion for successful completion of the Labette program, then the successful completion condition is unconstitutionally vague. Finding in favor of Garcia on the first issue, we need not consider the constitutional argument.

There appears to be no dispute as to Garcia's status; his probation was revoked and then reinstated with the additional condition that he successfully complete Labette. Garcia's situation differs from the facts presented in *Martin* and in the subsequently filed case of *State v. Beard*, 274 Kan. 181, 49 P.3d 492 (2002). In those cases, the convicted persons were sentenced to imprisonment, and custody was transferred to the Department of Corrections (DOC), which then made direct placements at Labette. Following graduation, DOC attempted to return custody to the district courts to "be assigned by the court to six months of follow-up supervision conducted by the appropriate community corrections services program," as mandated by K.S.A. 1999 Supp. 21-4603d(e). The district courts believed that a statute which countermanded their prison sentences by permitting the DOC to effect the transfer of the prisoners back to the district court with a mandate that the prisoners be assigned to community corrections was unconstitutional as a violation of the separation of powers doctrine. In *Beard*, our Supreme Court disagreed and, after discussing the legislative purposes of the Community Corrections Act, K.S.A. 75-5290 *et seq.*, and K.S.A. 1999 Supp. 21-4603d(a) and (e), found K.S.A. 1999 Supp. 21-4603d(e) constitutional and not violative of the separation of powers doctrine. *Beard*, 274 Kan. 181, Syl. ¶¶ 5, 6. Therefore, we analyze Garcia's scenario from the perspective that the legislative enactments concerning Labette are constitutional.

The parties set forth the standard of review as whether the district court abused its discretion. However, the district court is not invested with any discretion in a probation revocation proceeding until the evidence establishes a probation condition violation.

"Implicit in our statutory provisions for probation is the understanding that the court need not grant probation, but if it does so, the probationer is entitled to retain his liberty as long as he abides by the conditions on which probation is granted. A probationer may not have his probation revoked unless it is made to appear that he has failed to comply with the terms and conditions of his probation." *Swope v. Musser*, 223 Kan. 133, 137, 573 P.2d 587 (1977).

The question presented here is not whether the district court abused its discretion in sentencing a probation violator, but rather whether the evidence was sufficient to support the district court's finding that Garcia violated a probation condition.

K.S.A. 2000 Supp. 21-4603d(a)(5) provided the district court with the authority to assign Garcia to Labette as a condition of probation. That same authorizing statutory sub-section provides that the conservation camp assignment shall be "followed by a six-month period of follow-up through adult intensive supervision by a community correctional services program, if the offender *successfully completes* the conservation camp program." (Emphasis added.) The district court's probation condition specifically used the phrase "successfully complete." Labette graduated Garcia and returned him to the district court with a recommendation that he be intensely supervised, preferably in the Sedgwick County Residential Center. Having followed the statutory procedure for an offender who successfully completes the Labette program, it is obvious the Labette officials equated graduation from its program with successful completion of the program.

K.S.A. 2000 Supp. 75-52,127 authorizes the Secretary of Corrections (Secretary) to establish conservation camps to "provide inmates with a highly structured residential work program." The statute specifically designates each camp to be a "state correctional institution or facility of confinement under the supervision of the secretary." Inherent in the Secretary's authority to establish and supervise Labette is the responsibility to develop and implement the curriculum, regimen, performance criteria, and graduation requirements of that program. We can find no authority, in the separation of powers doctrine or elsewhere, for a district court to substitute its assessment of what constitutes "successful completion" of Labette for that of the Secretary. In short, a probationer

complies with a probation condition requiring him or her to enter and successfully complete Labette by graduating from that program.

The evidence presented did not support the district court's finding that Garcia violated a condition of his probation. The order of revocation is reversed; we remand with directions to reinstate Garcia's probation.

Reversed and remanded.