NOT DESIGNATED FOR PUBLICATION

No. 114,702

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES LYLE CLARK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Cowley District Court; JAMES T. PRINGLE, judge. Opinion filed October 28, 2016. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Christopher E. Smith*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., ATCHESON and POWELL, JJ.

*Per Curiam*: This is an appeal of the district court's revocation of James Lyle Clark's probation and order of commitment to the Secretary of Corrections. Finding no error, we affirm the district court's ruling.

FACTUAL AND PROCEDURAL BACKGROUND

On December 31, 2014, Clark entered a no contest plea and was found guilty of possession of methamphetamine, a severity level 5 drug felony, in violation of K.S.A. 2013 Supp. 21-5706(a) in Cowley County District Court. Prior to sentencing, defense

1

counsel filed a motion for probation. In the motion, defense counsel acknowledged Clark's class A criminal history but noted a report from community corrections in which an evaluator recommended that Clark be committed to a Senate Bill 123 facility and enter a drug program.

On February 19, 2015, defense counsel presented similar arguments on Clark's behalf at the sentencing hearing. Defense counsel argued that Clark's strong church and family support system would be beneficial and asked that Clark be placed on probation in order to obtain drug treatment. The State did not object. Although the district court expressed serious misgivings about Clark's criminal history—which included 30 prior offenses—the district court sentenced Clark to 18 months' probation with an underlying prison term of 40 months. The district court then released Clark to Kingman County to face misdemeanor charges in that jurisdiction.

As a result of an incident that occurred in the Kingman County jail, Clark pled guilty to criminal damage to property and disorderly conduct on March 26, 2015.

At a probation revocation hearing held in this case on July 2, 2015, Clark admitted to the new convictions and violations. The district court rejected defense counsel's request that Clark be placed in a drug treatment facility and sentenced him to the underlying prison term.

Clark filed a timely appeal.

DID THE DISTRICT COURT ABUSE ITS DISCRETION WHEN IT REVOKED CLARK'S PROBATION WITHOUT FIRST IMPOSING AN INTERMEDIATE SANCTION?

On appeal, Clark contends the district court abused its discretion when it declined to impose an intermediate sanction and instead revoked his probation.

Our court will only overturn a decision to revoke probation if the district court abused its discretion. *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016). A judicial action constitutes an abuse of discretion if it is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting that the district court abused its discretion bears the burden of showing such abuse. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Generally, probation is an act of grace by the sentencing judge, and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once granted, however, a district court can only revoke probation if that decision is based on the factual finding that a condition of probation has been violated. *State v. Garcia*, 31 Kan. App. 2d 338, 341, 64 P.3d 465 (2003). If the State has established a violation, then the decision to revoke probation is within the district court's sound discretion. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001).

A district court's discretion in this matter, however, is limited by K.S.A. 2015 Supp. 22-3716(b) and (c), which generally requires the court to impose intermediate sanctions before ordering a defendant to serve an underlying prison term. Despite this requirement, however, a district court may immediately impose an underlying prison term without first imposing a sanction if the defendant commits a new felony or misdemeanor during the probationary period. K.S.A. 2015 Supp. 22-3716(c)(8).

Clark argues that the district court should have imposed a sanction and then allowed him to enter a drug treatment program as originally ordered. But even during the sentencing hearing, the district court had expressed misgivings regarding Clark's A criminal history score which included 30 prior offenses and several probation violations.

3

Indeed, in initially granting Clark probation the district court gave a stern admonition that he would face a stiff punishment if he "screw[ed] up."

K.S.A. 2015 Supp. 22-3716(c)(8) states that a district court need not impose intermediate sanctions if a defendant commits a new felony or misdemeanor. Here, Clark did just that when he pled guilty to both criminal destruction of property and disorderly conduct charges filed in Kingman County. Under these factual circumstances, it was not an abuse of discretion for the district court to not order an intermediate sanction and allow Clark to enter drug treatment. See *State v. Johnson*, No. 112,986, 2015 WL 4588303, at *1 (Kan. App.) (unpublished opinion) (no abuse of discretion in revocation of probation without intermediate sanctions after the defendant committed two additional felonies during the probationary period).

Clark also argues that, under the circumstances, no reasonable person would have revoked his probation. We disagree. Clark has an abysmal criminal history and only added to it by committing additional offenses in Kingman County while on probation. Because Clark was clearly not amenable to probation, there was nothing arbitrary, fanciful, or unreasonable in the district court's ruling revoking probation and imposing the underlying sentence of imprisonment.

Affirmed.