NOT DESIGNATED FOR PUBLICATION

Nos. 117,500
117,501

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BERNAISHA C. BIRCH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed October 26, 2018. Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MCANANY, J., and BURGESS, S.J.

PER CURIAM:  The district court revoked Bernaisha C. Birch's probation and imposed the underlying sentences in case Nos. 11CR2781 and 12CR747 upon finding by a preponderance of the evidence that she committed a theft while on probation. Birch appeals.

1

In case No. 11CR2781, Birch pled guilty to aggravated battery, aggravated burglary, and theft. In return for her guilty plea, the State agreed to recommend the high gridbox numbers for the aggravated battery and aggravated burglary, that the sentences run consecutively, and a dispositional departure for probation. The district court sentenced Birch to 48 months' incarceration for the aggravated battery and 34 months' incarceration for the aggravated burglary, with the sentences to run consecutively. The district court sentenced Birch to 12 months in jail for the theft, with that sentence to run concurrent with the other counts. The district court granted the dispositional departure, sentencing Birch to 36 months of probation. The district court imposed modified gang conditions of probation because when Birch committed the offense, she was not a documented gang member.

After one month on probation, the district court issued a warrant for violating probation conditions. Birch's intensive supervision officer (ISO) alleged she failed to adhere to a no contact order with her codefendant and associated with documented gang members. Two months later, the district court issued a second warrant alleging that Birch failed to adhere to her court-ordered curfew and committed a new offense of aggravated battery. The district court revoked Birch's probation and reinstated it with new conditions that she successfully complete the community corrections residential program and designated the case as zero tolerance for violence, weapons, nonreporting to ISO, and violations of the gang conditions. The district court also imposed standard gang conditions because of Birch's becoming a documented gang member. The district court extended Birch's probation for 36 months.

In December 2012, Birch pled guilty to aggravated battery in case No. 12CR747. In return, the State agreed to recommend the high gridbox number but requested the district court to grant a dispositional departure with the condition that Birch successfully

complete the community corrections residential program as a condition of her probation. The State also recommended that the case run consecutive to case No. 11CR2781. The district court sentenced Birch to 31 months' incarceration but granted a dispositional departure for 24 months' probation.

In May 2014, Birch served a three-day jail sanction for testing positive for alcohol. Four months later, the district court issued an order to appear for allegations Birch was driving with a suspended license, did not have proof of insurance, and did not properly display the license plate on the vehicle. At the time of those offenses, Birch also violated her curfew, a gang condition. Birch had also lost her job for nonattendance and failed to make her monthly court payments. For the violations, the district court extended Birch's probation for 12 additional months from November 24, 2015, and ordered her to return to and successfully complete the residential program.

In September 2016, the district court issued a warrant for Birch based on allegations that she committed theft and failed to make regular monthly court payments. The next month, the district court issued an order to appear based on Birch's failure to report contact with law enforcement after an officer stopped her and issued a notice to appear for theft, case No. 16CR2614. Less than a month later, the district court issued another order to appear because Birch tested positive for alcohol and admitted to consuming beer. The district court issued another warrant the following week after Birch allegedly removed her electronic monitoring bracelet and her whereabouts were unknown. The district court issued another warrant two weeks later after the ISO verified Birch was in the Murray County, Oklahoma jail and did not have permission to leave the state of Kansas.

Because the State argued for revocation of Birch's probation based on her commission of a new crime while on probation, the district court that heard the preliminary hearing for case No. 16CR2614 made findings for both probable cause to

bind the theft case over and preponderance of the evidence for her probation violation. At the preliminary hearing, Dewayne Ice, the loss prevention specialist for Dillon's, testified that while he walked through the store, he observed Birch and her sister, Bernarshea Birch, "looking around acting suspicious" in the shampoo aisle. Ice explained they were looking around for other people rather than focused on the items on the shelves. Ice remained in the aisle and watched Bernarshea conceal shampoo in her purse while Birch watched. As Birch and Bernarshea left, Ice confronted them in the lobby, displayed his badge, and requested they return to the store to discuss the unpaid merchandise. Both women refused and shoved Ice as they ran out the doors. Derby Police Officer Edward Mora stopped their vehicle and transported the sisters back to Dillon's. Ice informed the sisters they were no longer allowed to shop at Dillon's, Kwik Shop, or any other Dillon's establishments and Officer Mora released the sisters with a notice to appear in court.

The district court found probable cause existed to believe Birch committed theft and bound the case over for trial. The district court articulated the different standards between a probable cause finding for preliminary hearing and the preponderance of the evidence finding for a probation violation. The district court then found the State showed Birch violated her probation in that she was with Bernarshea when she concealed the items and left the store without paying. The district court determined Birch's presence was not coincidental as she looked around in a suspicious manner before Bernarshea concealed the items in her purse, both women pushed past Ice to leave, and Birch did not try to discuss or explain her situation to Ice as they left the store. The district court found that by a preponderance of the evidence Birch violated her probation by acting as a lookout, not stopping, leaving the store, and facilitating Bernarshea's flight. The district court determined that, at the least, Birch aided and abetted Bernarshea in the theft.

In February 2017, the district court revoked Birch's probation upon adopting the preliminary hearing findings that she committed a new crime by a preponderance of the evidence. The State withdrew all other pending allegations of condition violations and

did not pursue allegations of battery against Ice. In making its revocation decision, the district court considered only the theft allegations as the basis for revocation. The district court noted that Birch had completed the residential program twice, had her probation revoked and reinstated under the zero tolerance statute, had her probation extended, served a quick-dip sanction, and had been placed on a GPS monitor. The district court considered Birch's new felony theft charge, misdemeanor battery charge, actions while in Oklahoma, noncompliance on probation, severity level of her criminal history, and the recommendation of the ISO that the court revoke Birch's probation for unwillingness to complete probation. The district court revoked Birch's probation in case No. 11CR2781, ordering her to serve a modified sentence of 48 months' incarceration. In case No. 12CR747, the district court revoked Birch's probation, imposing the underlying 31-month sentence.

Birch appealed the revocation determination.

## DID THE DISTRICT COURT ERR BY REVOKING BIRCH'S PROBATION UPON A FINDING THAT SHE COMMITTED A NEW CRIME?

Birch asserts that the State did not show by a preponderance of the evidence that she committed theft or aided and abetted in theft while on probation. Birch does not contest the discretion of the district court in revoking her probation, but she challenges the sufficiency of the evidence. Birch asks this court to reverse the imposition of her sentence and remand to the district court for proper sanctions under K.S.A. 2017 Supp. 22-3716(c). Contrariwise, the State contends Birch failed to provide a sufficient record by failing to provide the State's exhibits in the record of appeal. The State also claims that if this court determines Birch provided a sufficient record, it provided sufficient evidence at the preliminary hearing to show that Birch acted as a lookout as her sister stole items from Dillon's.

5

*Standard of Review*

Revocation determinations typically involve a retrospective factual question of whether a probationer violated a condition of probation and a discretionary determination of whether the violation warrants revocation. *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008) (quoting *Black v. Romano*, 471 U.S. 606, 611, 105 S. Ct. 2254, 85 L. Ed. 2d 636 [1985]). Revocation determinations rest within the sound discretion of the district court. *State v. McFeeters*, 52 Kan. App. 2d 45, 47, 362 P.3d 603 (2015). "A district court has no 'discretion in a probation revocation proceeding until the evidence establishes a probation condition violation.'" *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016) (quoting *State v. Garcia*, 31 Kan. App. 2d 338, 341, 64 P.3d 465 [2003]). The State has the burden of proving a probation violation by a preponderance of the evidence. *Lloyd*, 52 Kan. App. 2d at 782. "A preponderance of the evidence is established when the evidence demonstrates a fact is more probably true than not true." *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007).

*Discussion*

First, the record Birch provided for appeal is sufficient for this court to review the case. Though the State asserts that Birch's failure to provide the exhibits submitted in the preliminary hearing would disallow proper review, the exhibits are inconsequential to the merits of this appeal. During the preliminary hearing, the State admitted photos of the stolen items and Birch and Bernarshea leaving the store. The State also admitted journal entries from both sisters' previous convictions. The State correctly asserts that the party claiming error has the burden of designating a record that establishes the claimed error, but the information conveyed in the exhibits would not affect the outcome of the appeal if Birch had provided them. Birch challenged the findings that she participated in Bernarshea's theft, not her presence at the store. Birch also did not challenge that her sister stole the items in the photograph. The record is sufficient for review.

6

The district court did not determine Birch committed theft, but it held that she aided and abetted Bernarshea in her theft. Under K.S.A. 2017 Supp. 21-5210(a): "A person is criminally responsible for a crime committed by another if such person, acting with the mental culpability required for the commission thereof, advises, hires, counsels or procures the other to commit the crime or intentionally aids the other in committing the conduct constituting the crime."

To establish Birch aided and abetted, the State must show that it was more likely true than not true that she knowingly associated with Bernarshea's theft and participated in such a way to facilitate the success of the theft. The State must have presented evidence beyond mere presence in the vicinity or mere association with Bernarshea. See *State v. Baker*, 287 Kan. 345, 366, 197 P.3d 421 (2008). Criminal responsibility for conduct of another requires assistance either before or during the commission of the crime. See *State v. Potts*, 304 Kan. 687, 695-96, 374 P.3d 639 (2016); PIK Crim. 4th 52.140 (2017 Supp.).

The district court determined Birch violated her probation by acting as a lookout, not stopping when confronted by Ice, shoving Ice out of the way, leaving the store, and facilitating Bernarshea's flight. See *State v. Plummer*, 45 Kan. App. 2d 700, 705, 251 P.3d 102 (2011). In determining Birch's claim of insufficiency of the evidence, this court does not reweigh evidence presented to the trial court or the credibility of witnesses. *Potts*, 304 Kan. at 694. This court must determine whether there was substantial competent evidence to support the trial court's decision. Substantial competent evidence is legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *Gannon v. State*, 303 Kan. 682, 699-00, 368 P.3d 1024 (2016).

In this case, the trial court heard the evidence presented at the preliminary hearing, observed the demeanor of the parties, and determined the credibility of the witnesses testifying. Taking those matters into consideration, the trial court determined that there

7

was probable cause to believe that Birch committed a new crime. Based on that evidence and those same considerations, the trial court found by a preponderance of the evidence that Birch violated her probation. The standard of probable cause obviously being higher than a preponderance of the evidence, there was substantial competent evidence for the trial court to have determined that Birch violated her probation.

Affirmed.