NOT DESIGNATED FOR PUBLICATION

No. 121,658

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CODY L. MCCLURE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; MERLIN G. WHEELER, judge. Opinion filed August 28, 2020. Reversed and remanded.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Laura L. Miser*, assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MALONE, J., and WALKER, S.J.

PER CURIAM: Cody L. McClure appeals from the district court's order revoking his probation. In its motion to revoke probation, the State alleged that McClure violated the terms of his probation by unlawfully abusing toxic vapors and subsequently getting arrested for that abuse. But at the probation violation hearing, the State failed to provide evidence of what substance McClure was alleged to have abused. Despite this, the district court revoked McClure's probation, essentially finding that McClure violated the spirit of his probation through his continued substance abuse. On appeal, McClure argues that there was insufficient evidence to support the revocation, and we agree. Under these

1

circumstances we reverse the district court's decision revoking McClure's probation and remand for further proceedings.

## FACTS

In March 2017, McClure pled no contest to aggravated battery, criminal threat, domestic battery, and violation of a protection order. The district court granted McClure probation with an underlying 14-month prison sentence.

While on probation, McClure was required to not violate the law or possess or consume alcohol or illegal drugs. Additionally, McClure was required to complete substance abuse treatment. A further condition provided that, if McClure was admitted into a drug court program, he was required to follow all program requirements.

In January 2019, the State moved to revoke McClure's probation alleging that he violated several conditions of his probation. McClure stipulated to violating the terms of his probation. The district court sanctioned him with up to 60 days in jail, pending the results of a drug and alcohol evaluation.

Just over two weeks after the violation hearing, the State filed a second motion to revoke McClure's probation alleging that he violated the terms of his probation. McClure again stipulated to violating his probation and the district court ordered a second 60-day sanction.

After the second revocation hearing, McClure was accepted into a drug court program. While in the program, McClure violated its terms by using or admitting to using drugs.

In July 2019, the State moved to revoke McClure's probation for a third time. The State alleged that McClure violated the terms of his probation by violating the law and possessing or consuming alcohol or drugs. According to the motion, McClure was arrested for abuse of toxic vapors in mid-July 2019. Both allegations related to the abuse of toxic vapors charge.

At the probation violation hearing, the State called Mitchell Shivers, McClure's supervising probation officer. According to Shivers, McClure admitted to taking a box of cold medicine in an attempt to get high. The drug court team worked with McClure on a way to prevent further relapses. However, the attempt was unsuccessful. McClure admitted to taking a second box of cold medicine in another attempt to get high. McClure objected to the testimony relating to his ability to follow the requirements of drug court because the drug court issues were not included in the State's motion to revoke or supporting documents. The district court stated that it would "treat it as evidence that might be relevant to a disposition order."

Shivers also testified that urinalysis tests typically do not, and in this case did not, show whether a person is using cold medicine. Nor could probation officers test whether an individual was using intoxicating vapors.

The State also called Jeremy Hansford, an intensive supervision officer, to testify. Hansford explained that he met with McClure after his most recent arrest—the subject of the State's motion to revoke McClure's probation. Hansford and McClure discussed what happened to lead to his arrest. According to Hansford, McClure said that while he was huffing he was thinking that there was no way to test for huffing and that he "didn't believe that it was an illegal activity because the substance he was abusing was not on the toxic vapor list." Hansford did not know what substance McClure was huffing.

At the conclusion of the hearing, the district court revoked McClure's probation. The court found that the State "demonstrated in this case violation of the probation conditions." The court noted that it based its decision in large part on McClure's "own representations that he was using a product at a time when he knew there was not a test to test for the product." As the court saw it, because McClure considered that he could not be tested for what he was doing, he knew he should not be doing it. The court went on to note that "if not violating the exact language of the probation assignment, it certainly violates the approach that's taken to try and rehabilitate an individual." In the written journal entry, the court noted that probation was revoked because McClure "used product because he knew that it couldn't be test[ed] for, substances that were inappropriate for the way used."

The district court ordered McClure to serve the remainder of his sentence. McClure timely appeals the revocation of his probation.

ANALYSIS

On appeal, McClure argues that the district court erroneously revoked his probation because the State did not prove that he possessed or consumed illegal drugs or violated the law by abusing toxic vapors.

A district court's decision to revoke a defendant's probation is reviewed for an abuse of discretion. A district court abuses its discretion when its decision is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016). However, a district court "has no 'discretion in a probation revocation proceeding until the evidence establishes a probation condition violation.'" 52 Kan. App. 2d at 782 (quoting *State v. Garcia*, 31 Kan. App. 2d 338, 341, 64 P.3d 465 [2003]). The State must establish, by a preponderance of the evidence, that the probationer has violated the terms of his or her probation. "'A

4

preponderance of the evidence is established when the evidence demonstrates a fact is more probably true than not true.'" *Lloyd*, 52 Kan. App. 2d at 782 (quoting *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 [2007]). We review the district court's factual findings for substantial competent evidence. *Inkelaar*, 38 Kan. App. 2d at 315.

After a defendant is arrested and detained for violating the terms of his or her probation, the court services officer "shall immediately notify the court and shall submit in writing a report showing in what manner the defendant has violated the conditions of release or assignment or a nonprison sanction." K.S.A. 2019 Supp. 22-3716(b)(1). In this case, the final affidavit supporting the State's motion to revoke McClure's probation stated that McClure violated his probation by (1) violating the law by abusing toxic vapors and (2) possessed or consumed alcohol or illegal drugs.

Based on the State's motion and supporting affidavit, the State was required to prove by a preponderance of the evidence that McClure either violated the law by abusing toxic vapors or possessed or consumed alcohol or illegal drugs. See *Lloyd*, 52 Kan. App. 2d at 782.

McClure asserts, without comment from the State, that the State was alleging that he violated K.S.A. 2019 Supp. 21-5712. Under K.S.A. 2019 Supp. 21-5712(a), unlawful use of toxic vapors is defined as "possessing, buying, using, smelling or inhaling toxic vapors with the intent of causing a condition of euphoria, excitement, exhilaration, stupefaction or dulled senses of the nervous system." Under the statute, a "toxic vapor" is a vapor from:

> "[(c) . . . :] (1) Alcohols, including methyl, isopropyl, propyl or butyl;
> (2) aliphatic acetates, including ethyl, methyl, propyl or methyl cellosolve acetate;
> (3) acetone;
> (4) benzene;

(5) carbon tetrachloride;

(6) cyclohexane;

(7) freons, including freon 11, freon 12 and other halogenated hydrocarbons;

(8) hexane;

(9) methyl ethyl ketone;

(10) methyl isobutyl ketone;

(11) naptha;

(12) perchlorethylene;

(13) toluene;

(14) trichloroethane; or

(15) xylene." K.S.A. 2019 Supp. 21-5712(e).

Based on the affidavit supporting the State's motion to revoke probation, the State was required to prove by a preponderance of the evidence that McClure violated K.S.A. 2019 Supp. 21-5712. In its motion and underlying affidavit, the State did not identify the specific toxic vapor McClure was alleged to have abused. Likewise, at the probation violation hearing, the State was unable to be any more specific.

While testifying at the revocation hearing, Hansford said that he had no "knowledge of what the item was that was alleged being used to huff." Hansford did note that McClure indicated that he did not think what he was huffing was illegal because "the substance he was abusing was not on the toxic vapor list." However, in deciding to revoke McClure's probation, the district court noted that McClure's

> "own representations that he was using a product at a time when he knew there was not a
> test to test for the product. If he was concerned about whether that product was legal or
> not legal, I'm not sure why he would even be concerned about the existence of a UA test
> if it wasn't an illegal product."

The court went on to say that even if McClure did not violate "the exact language of the probation assignment, it certainly violates the approach that's taken to try and rehabilitate an individual."

While the district court is correct that McClure was violating the spirit of his probation, more was required to revoke McClure's probation, because the State only alleged that McClure violated the law and possessed or consumed alcohol or illegal drugs. A similar situation can be found in *State v. Scott*, No. 115,432, 2017 WL 2210442, at *5 (Kan. App. 2017) (unpublished opinion), where a panel of our court reversed the revocation of a probationer's probation because the revocation was based on violations not alleged in the State's motion and warrant.

In *Scott*, the State moved to revoke Scott's probation and alleged that Scott "violated his probation by appearing to be under the influence of an unknown substance." 2017 WL 2210442, at *1. As part of his probation, Scott was not allowed to possess or consume any alcohol or drugs unless it was prescribed to him by a physician. The district court judge revoked Scott's probation, finding that "'he was clearly under the influence of either an unknown substance or as I have determined the result of knowingly misusing his prescribed medications.'" 2017 WL 2210442, at *2.

On appeal, our court began by noting that due process requires the State to provide a probationer with fair notice of the probation violations alleged. As the panel stated: "Parties receive less than constitutional due process if they, in fact, suffer deprivations based on grounds other than those of which they have been given notice." 2017 WL 2210442, at *3. The panel held that the State failed to prove the allegations set out in the motion to revoke and related warrant. While Scott was certainly impaired, "all the evidence point[ed] to Scott being impaired by his prescription medication—either by using such medication properly or by using it improperly." 2017 WL 2210442, at *4.

7

Our court reversed the revocation of Scott's probation because there was insufficient evidence to support revoking Scott's probation based on what the State alleged in the motion to revoke and supporting documents. Because the State failed to plead misuse of prescription medication as a reason for revoking Scott's probation, "the district court could not use Scott's misuse of his prescription medications as a basis to find him in violation of his probation." 2017 WL 2210442, at *5. The situation is similar here.

Here, the State alleged that McClure violated the terms of his probation by unlawfully abusing toxic vapors or by possessing alcohol or illegal drugs. But there was not substantial competent evidence to support those allegations. See *Inkelaar*, 38 Kan. App. 2d at 315. The State presented no evidence supporting the allegation that McClure was abusing illegal vapors. And there was no evidence that he had been prosecuted and convicted of the crime of unlawful abuse of toxic vapors under K.S.A. 2019 Supp. 21-5712. Testimony that McClure was huffing is not enough, alone, to prove that he violated K.S.A. 2019 Supp. 21-5712 because there are strict statutory requirements as to what constitutes a toxic vapor.

We certainly concur that it is highly likely that McClure did violate the terms of his probation. As the State notes in its brief, McClure was doing things that he was not allowed to do under the terms of his probation. But the State only provided notice that it was attempting to revoke his probation for his alleged use, and arrest, of unlawful abuse of toxic vapors. If the State wanted to have McClure's probation revoked on other grounds, the State was required to provide notice to McClure of those grounds. See *Scott*, 2017 WL 2210442, at *3.

The State points to McClure's pattern of misconduct while on probation, his attempts to circumvent testing, and his failure to abide with the conditions of his drug court program as additional reasons to revoke his probation. The State is likely correct

8

that those things were sufficient to revoke McClure's probation. But McClure has due process rights, including the right to notice. The State made its allegations and was unable to provide sufficient evidence to prove those allegations. The State cannot now look back and successfully argue that other reasons for revocation exist.

Ultimately, the district court erred in revoking McClure's probation. There was insufficient evidence to prove that McClure violated the terms of his probation by unlawfully abusing toxic vapors or that he possessed or consumed alcohol or illegal drugs. Nor could the district court rely on other grounds to revoke McClure's probation.

Reversed and remanded.