NOT DESIGNATED FOR PUBLICATION

No. 121,331

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KIMBERLY ALICE CORRIGAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Opinion filed September 4, 2020. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Christopher L. Schneider*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MALONE, J., and WALKER, S.J.

PER CURIAM:  Kimberly Alice Corrigan appeals the district court's 2019 order revoking her probation and ordering her to serve her original 100-month prison sentence. She argues that the Douglas County charges and conviction that formed the basis for the 2019 probation violation finding also formed the basis for the district court's 2017 probation violation finding for which she received a 60-day jail sanction. Corrigan contends that the district court improperly sanctioned her twice for the same conduct and asks this court to reverse the probation revocation.

1

But the record shows that Corrigan's 2017 probation violation sanction was based solely on her conviction in a Wyandotte County case for failing to register under the Kansas Offender Registration Act (KORA), while the 2019 probation revocation was based solely on her conviction in the Douglas County case. Thus, we find no error and affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On September 10, 2015, in Wyandotte District Court case No. 15CR688, Corrigan pled guilty to possession of methamphetamine with intent to distribute, possession of drug paraphernalia, and failure to have a tax stamp. On December 10, 2015, the district court sentenced her to a controlling term of 100 months' imprisonment but granted a dispositional departure to probation for 36 months. The district court also informed Corrigan of her duty to register as a drug offender under KORA.

On April 19, 2016, the State filed a motion for probation revocation and sought an arrest warrant for Corrigan, alleging that she had not reported to her probation officer since January 5, 2016; she had not submitted to a urinalysis (UA) since beginning probation on December 29, 2015; she had failed to make any payment toward the court fees she owed; she had not yet started the required substance abuse treatment; she had not complied with KORA; and she had failed to provide her probation officer with proof that she had started or completed her community service hours. The motion alleged that Corrigan "does not appear to be in custody and her whereabouts are unknown at this time." The same day, the district court issued a bench warrant for her arrest.

On August 12, 2016, the State filed an "Addendum Motion To Revoke" Corrigan's probation, in which it alleged that (1) she had failed to register as an offender as directed and (2) she "has been charged with aggravated battery and aggravated assault on a law enforcement officer in Douglas County, KS," under case No. 16CR722. That case is

2

hereinafter referred to as the Douglas County case. The motion also asserted that Corrigan's failure to register resulted in "new felony charges" being filed in Wyandotte County under case No. 16CR551, which is hereinafter referred to as the KORA case.

On January 25, 2017, the district court held a hearing at which it addressed both the motion to revoke probation and Corrigan's wish to enter a plea in the KORA case. Taking the KORA case first, the State informed the district court that in accordance with a plea agreement, Corrigan intended to plead guilty to one count of felony violation of KORA and the State would request that the remaining count be dismissed. The parties agreed that Corrigan "would stipulate to violating probation in [15CR688], based upon a new conviction. And we would ask the Court to impose a 60-day jail time sanction in that case to begin today."

Corrigan pled guilty to one count of felony KORA violation and the district court accepted her plea and found her guilty. The district court and the parties then turned to this case, and the State asked the district court to "find that since she . . . has pled guilty in [the KORA case], she's in violation of her probation." Defense counsel said, "Your Honor, we would stipulate to the violation, obviously, based on the new conviction, and would ask that you reinstate my client's probation with the addition of 60 days shock time to begin today." The district court stated, "The Court will impose a sanction of 60 days shock time." The subsequently filed written journal entry reflected that Corrigan had violated her probation and that the district court had not revoked probation but had ordered her to serve "60 days shock time" beginning January 25, 2017.

On July 28, 2017, the State filed another motion requesting that the district court revoke Corrigan's probation. It alleged that she violated the conditions of her probation by failing to (1) refrain from violating state law, asserting that she was in Douglas County jail awaiting trial in the Douglas County case for charges of aggravated battery of a law enforcement officer, aggravated assault, and driving while suspended; (2) make any

3

payments toward the court fees she owed; (3) start or complete her required community service hours; and (4) verify that she completed the required substance abuse treatment. The district court issued a bench warrant for Corrigan's arrest.

Nothing happened in this case for over 20 months. Then, on April 3, 2019, Corrigan moved to set bond in this case, asserting that she had been continually incarcerated since July 21, 2016. On May 1, 2019, the district court recalled its outstanding bench warrant for Corrigan issued in July 2017.

On May 7, 2019, the State filed yet another motion seeking probation revocation. The State alleged the following violations: (1) failure to refrain from violating state law, as shown by the charges it claimed were pending in Douglas County; (2) failure to complete community service; (3) failure to submit to random UAs; (4) failure to attend substance abuse treatment; and (5) failure to make payments toward court fees.

On May 8, 2019, the district court held a hearing to address the State's motions to revoke probation in this case and in the KORA case. Corrigan generally stipulated to the violations in the motions "with explanation at the appropriate time," and the district court found that she had violated the conditions of her probation. The State asked the district court to revoke Corrigan's probation in both cases and order her to serve her underlying prison sentences. The prosecutor argued that because Corrigan committed the Douglas County felony while on probation for this case and while the KORA case was pending, Corrigan showed that she is not amenable to probation. In response, defense counsel asserted that Corrigan had not been out of custody since the last court hearing. Defense counsel also represented that Corrigan had served her prison sentence in the Douglas County case and, during that time, had completed several programs which made her more amenable to probation than she was in 2015. Given that and the nature of the underlying crimes, defense counsel asked that the district court reinstate Corrigan's probation.

4

When the district court sought to clarify the timeline of relevant events, defense counsel conceded that Corrigan's Douglas County crime and conviction "did happen while she was on probation in this case." But he also asserted that "we were all fully aware of the pending charges the last time we were here in court." The prosecutor agreed, clarifying that at the time of the prior probation revocation hearing, "she had not yet been adjudicated in Douglas County" and arguing that therefore the "Douglas County situation was not something we could act on in the [current] case as a basis for revocation at the time she was last before you."

The district court revoked Corrigan's probation and ordered her to serve her underlying prison sentence because she "picked up a new serious conviction while you were on probation" in this case. The subsequently filed form journal entry reflects that the district "[c]ourt revoked because defendant absconded or committed [a] new crime," and the journal entry specifically refers to "DG Co Case # 16CR722." The journal entry also reflects that Corrigan received credit for the 60 days she served in jail after the January 25, 2017 hearing. Corrigan timely appealed from the probation revocation.

ANALYSIS

On appeal, Corrigan claims the district court erred by revoking her probation in 2019 based on a probation violation for which she had already been sanctioned. More specifically, Corrigan argues that the district court's January 25, 2017 sanction of 60 days' shock time was a sanction for her actions charged in the Douglas County case, so the district court lacked authority to again sanction her for the Douglas County conviction when it revoked her probation in 2019.

In response, the State asserts that the district court did not err in revoking Corrigan's probation in 2019 and ordering her to serve her original sentence. The State argues that because Corrigan had not yet been convicted in the Douglas County case at

the time of the January 2017 hearing, the Douglas County case was not one of the grounds for the district court's decision to impose the 60 days' shock time.

As a threshold issue, the parties disagree over whether Corrigan's argument that she was sanctioned twice for the Douglas County case is properly before this court. Corrigan candidly admits that she did not argue to the district court that it lacked authority to revoke her probation in 2019 based on the Douglas County conviction. She asserts, however, that this case falls within an exception to the general rule that parties may not raise issues for the first time on appeal. The State disagrees, contending that this issue is not properly before this court for review.

Generally, issues not raised before the district court cannot be raised for the first time on appeal. *State v. Hirsh*, 310 Kan. 321, 338, 446 P.3d 472 (2019). But there are certain exceptions to this general rule, including when (1) the newly asserted claim involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) the claim's consideration is necessary to serve the ends of justice or to prevent a denial of fundamental rights; or (3) the district court's judgment may be upheld on appeal despite its reliance on the wrong ground or reason for its decision. 310 Kan. at 338.

Corrigan asserts that her appellate argument fits within the first exception because it is a purely legal question that arises on undisputed facts and the second exception because consideration is necessary to serve the ends of justice. The State argues that Corrigan's issue is "purely factual in nature," because it requires the determination of whether the district court based the 2017 sanction on the Douglas County case.

The State's argument is more compelling. The success of Corrigan's argument depends on this court agreeing that the Douglas County case was a factor in the district

court's decision to order a 60-day jail sanction at the January 2017 hearing. We agree with the State that the issue presents a factual determination.

Corrigan's argument that the second exception—examination of the issue is necessary to serve the ends of justice—applies is also unpersuasive. She merely asserts that this exception applies "because [she] is serving a 100-month sentence as a result of the court's ruling." She provides no legal authority to support the assertion that a long prison sentence is sufficient reason for this court to decline to apply the general rule that new issues cannot be raised on appeal. Thus, we agree with the State that Corrigan failed to properly preserve this issue for appeal. In the alternative, we also will address the merits of Corrigan's claim in this unpublished opinion.

Generally, a district court's decision to revoke probation is reviewed for an abuse of discretion. A district court abuses its discretion when its decision is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016). But a district court "has no 'discretion in a probation revocation proceeding until the evidence establishes a probation condition violation.'" 52 Kan. App. 2d at 782 (quoting *State v. Garcia*, 31 Kan. App. 2d 338, 341, 64 P.3d 465 [2003]). The State must establish, by a preponderance of the evidence, that the probationer has violated the terms of the probation. "'A preponderance of the evidence is established when the evidence demonstrates a fact is more probably true than not true.'" *Lloyd*, 52 Kan. App. 2d at 782 (quoting *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 [2007]). An appellate court reviews the district court's factual findings for substantial competent evidence. 38 Kan. App. 2d at 315.

Corrigan contends that because the motions to revoke probation before the district court in 2017 alleged that she had been charged in the Douglas County case, the district court's 2017 order continuing probation but ordering shock time "disposed of" any probation-violation sanction she might face based on the Douglas County case.

7

Corrigan's argument to this court, in her own words, is that "the district court lacked the authority to impose a second consequence for a violation that not only preceded the imposition of the first consequence, but was disposed of at a previous probation violation hearing." But the record on appeal belies Corrigan's argument that any probation violation related to the Douglas County case "was disposed of" in 2017.

The motions to revoke probation before the district court in 2017 included the assertion that Corrigan "has been charged with aggravated battery and aggravated assault on a law enforcement officer in" the Douglas County case. But the record makes clear that the district court did not find that the Douglas County charges constituted a violation of Corrigan's probation—the sole violation found and the reason for the shock time ordered at the 2017 hearing was Corrigan's conviction in the KORA case. At the hearing, the prosecutor asked the district court to "find that since she has . . . pled guilty in [the KORA case], she's in violation of her probation." The defense counsel "stipulate[d] to the violation, obviously, based on the new conviction," and requested a sanction of 60 days of shock time. The district court followed the parties' recommendations. There is no indication that the district court found at the 2017 hearing that the acts leading to the Douglas County case constituted a violation of Corrigan's probation.

Corrigan also cites *State v. Henson*, No. 119,257, 2019 WL 2398042 (Kan. App. 2019) (unpublished opinion), to support her claim that the district court erred in revoking her probation. In that case, Sherri Henson was convicted in 2017 of felony possession of a controlled substance and misdemeanor endangering a child; the district court sentenced her to imprisonment for the felony but granted 18 months of probation, to be served after her 240-day misdemeanor sentence. The district court later modified Henson's misdemeanor sentence to allow her to enter drug treatment, at which time her felony probation would begin. Less than a month later, the treatment center discharged her for using drugs, lying to staff, and arguing with other patients.

8

On the day of her discharge, Henson tested positive for methamphetamine and amphetamine. Less than a week later, Henson's probation officer imposed a 48-hour jail sanction on her for being unsuccessfully discharged from treatment, which violated her probation. On the day she began serving the 48-hour sanction, Henson tested positive for methamphetamine and oxycodone. The next day, the State moved to revoke Henson's probation, arguing that she violated her probation by failing to complete drug treatment and failing to remain drug free, as evidenced by the two drug tests. At the probation revocation hearing, Henson stipulated to the violations and the district court imposed a 120-day jail sanction and clarified it was sanctioning her for the drug-related violations.

On appeal, this court examined the statutes governing probation violation and held that under the graduated sanctioning scheme, they established that "[t]he trial court lacked the statutory authority to impose a second graduated sanction for a violation that preceded the imposition of the first sanction. Implicit in the graduated sanction statutory scheme is the commission of a new violation after the defendant had served the previous sanction." 2019 WL 2398042, at *2-3. As a result, this court reversed and remanded, directing the district court to vacate the 120-day sanction. 2019 WL 2398042, at *3.

Corrigan argues that *Henson* stands for the proposition "that courts cannot revoke probation for conduct already adjudicated a violation and for which a sanction has been imposed," and she asserts that is what happened here. But for reasons we have already explained, that is not what happened here. At the hearing on January 25, 2017, the district court neither found that the acts leading to the Douglas County case were a violation of Corrigan's probation nor sanctioned her for such a violation. *Henson* is distinguishable from Corrigan's case and affords her no relief.

Here, the district court *could have* relied on the fact that Corrigan committed new crimes in Douglas County as grounds to find that she violated her probation at the January 2017 hearing had the State proven Corrigan's commission of the crimes by a

9

preponderance of the evidence. But the State did not offer this proof at that hearing and the district court did not rely on the Douglas County charges in finding that Corrigan was in violation of her probation. Instead, the district court made it clear at the January 2017 hearing that the only probation violation resulting in the 60-day jail sanction was Corrigan's conviction in the KORA case.

We also find it worth noting that Corrigan can show no prejudice as a result of how the district court conducted the two probation violation hearings in this case. Corrigan does not dispute that she committed her Douglas County crimes while she was on probation in this case. Thus, the sentence that she received and served in the Douglas County case necessarily would have been consecutive to her sentence in this case. Moreover, when the district court revoked Corrigan's probation in 2019 based on the Douglas County conviction, she received credit for the 60 days she served in jail as a sanction at the 2017 hearing. Although it may be frustrating for Corrigan to have the district court revoke her probation in this case after she already had served her sentence in the Douglas County case, Corrigan does not show how she will spend any more time incarcerated in jail or in prison because of how the district court conducted the hearings.

Finally, Corrigan argues that "it is possible" the district court ordered her to serve her underlying sentence in 2019 based in part on an erroneous belief that it could have ordered her to serve her underlying sentence in 2017 but did not do so. She bases this argument on the district judge's statement to Corrigan at the hearing, "Miss Corrigan, I have given you opportunities. I gave you an opportunity in the [KORA] case when I didn't send you to prison then for not reporting." Corrigan argues that the district court meant that it could have revoked her probation based on the failure to report violation that led to the conviction in the KORA case, and she contends that is incorrect under the law at the time of the 2017 revocation hearing. But even if this is the correct interpretation of the district court's statement, Corrigan does not explain how this misunderstanding of the law requires reversal of the probation revocation.

In sum, Corrigan failed to preserve this issue for appeal because she did not raise her claim in the district court. But even when we address the merits of the claim, the record shows that the district court did not revoke Corrigan's probation based on a violation for which she had already been sanctioned. Corrigan fails to show how the district court erred in revoking her probation and executing the original sentence.

Affirmed.