NOT DESIGNATED FOR PUBLICATION

No. 122,990

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KERRIE LEE GALLOWAY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed January 14, 2022. Affirmed in part, reversed in part, and remanded with directions.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Sierra M. Logan*, assistant district attorney, *Thomas Stanton*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., MALONE, J., and JAMES L. BURGESS, S.J.

PER CURIAM: Kerrie Lee Galloway pled no contest to felony driving under the influence (DUI), fourth or subsequent offense. The district court sentenced Galloway to 12 months in jail and granted probation with court services for 12 months. The district court ordered Galloway to serve 90 days in jail but authorized house arrest for 2,160 hours after she served 72 hours in jail. The district court later revoked the order for house arrest because Galloway consumed alcohol, and the court ordered her to serve 90 days in jail followed by 12 months of probation. On appeal, Galloway claims the district court lacked jurisdiction to revoke the order for house arrest because it amounted to an illegal

1

modification of her lawful sentence. Alternatively, Galloway argues the evidence was insufficient to prove she violated the conditions of her house arrest. Finally, Galloway argues the district court erred when it failed to give her jail credit for the time she served in house arrest before the order was revoked. We agree with Galloway's last claim about jail credit but otherwise affirm the district court's judgment.

## FACTUAL AND PROCEDURAL HISTORY

On May 22, 2019, the State charged Galloway with one count each of DUI, fourth or subsequent offense—a felony, operating a motor vehicle without a valid license, and failure to report an accident, for events occurring on March 28, 2019. Galloway was released on a $5,000 appearance bond and counsel entered an appearance on her behalf.

On December 11, 2019, Galloway pled no contest to the felony DUI in exchange for the State dismissing the other charges. Under the plea agreement, the parties recommended the district court impose a 12-month jail sentence but depart to 12 months' probation with court services. Likewise, the parties agreed to recommend Galloway be placed on house arrest and acknowledged that Galloway needed to serve 72 hours in jail before being released to house arrest for 2,160 hours.

At sentencing on January 17, 2020, the district court announced that it would follow the plea agreement. The district court sentenced Galloway to 12 months in jail, fined her $2,500, and granted probation with court services for 12 months. The district court ordered Galloway to serve 90 days in jail but authorized house arrest for 2,160 hours after she served 72 hours in jail. The district court allowed Galloway three weeks to schedule her house arrest and emphasized she must start the house arrest immediately after her release from 72 hours in jail. Finally, the district judge advised Galloway:

"Okay, so this is my 15th year I think as a judge and in my entire 15 years nobody who's ever been granted house arrest who violates the terms of house arrest has been allowed to finish their term of confinement on house arrest so if you mess up house arrest you're going to spend the time in jail. Well, I'm not promising that. I'm just saying going by history probably that would be what's happening here, okay?"

On January 24, 2020, the district court filed an order of probation stating Galloway was placed on probation for a period of 12 months effective January 17, 2020. The order of probation included a special condition that Galloway "[m]ust serve 90 days in the Reno County Jail or serve 3 days in the Reno County Jail followed by 2160 hours of house arrest to be started within 3 weeks."

On January 28, 2020, the district court filed an order of commitment for Galloway with a confinement date of February 4, 2020, and a release date of February 7, 2020. The order stated she "[m]ust serve 3 days in jail followed by 2,160 hours of house arrest." The order also stated that "Defendant is ordered to report to the Reno County Correctional Facility on the date and time above-stated in a sober condition, and not under the influence of alcohol or any non-prescription drugs."

On April 15, 2020, the State filed a motion to revoke, alleging that Galloway violated the terms of her probation by consuming alcohol on April 1, 2020. The motion alleged the following sequence of breath tests by Galloway on April 1: 1:57 p.m.—compliant breath test; 3:43 p.m.—missed breath test; 5:05 p.m.—BrAC of 0.042; 5:22 p.m.—BrAC of 0.036; 5:37 p.m.—missed breath test; 6:15 p.m.—compliant breath test.

The district court held an evidentiary hearing on the motion on June 11, 2020. Rock Gagnebin testified that he was the CEO and owner of the company that provided a handheld "Soberlink" device to monitor alcohol consumption for individuals on house arrest. According to Gagnebin, Galloway needed to perform breath tests while on house arrest using the device. Gagnebin testified that Galloway submitted to several breath tests

3

with the Soberlink device on April 1, 2020. Although Galloway passed some of the tests that day, she also missed some of the scheduled tests and did not make them up. She also failed two of the tests with breath alcohol readings of 0.042 and 0.036.

Galloway testified and acknowledged she was on house arrest on April 1, 2020. She recalled having connectivity problems with the breath test device while on house arrest, including on April 1, 2020. According to Galloway, the device gave an error message twice at tests around 5:20 p.m. and 5:37 p.m. She did not recall receiving an alarm to take the test at 3:43 p.m. Galloway contacted the monitoring company the next day and spoke with someone on the phone, who told her Gagnebin would have to call her back. Gagnebin eventually did but said he did not know what the error message meant and told her to take a picture with her phone. Galloway denied consuming alcohol on April 1, but said she "probably took some cough syrup that day."

Based on the evidence, the district court found that "it's more likely than not that [Galloway] was consuming alcohol" and "trying to conceal that." As a result, the district court revoked Galloway's house arrest and ordered her to surrender to custody on June 22, 2020, to serve 90 days in jail followed by reinstatement of probation for 12 months. The district court awarded Galloway jail credit for the three days she served in the Reno County Jail from February 4, 2020, to February 7, 2020, but the district court did not award Galloway jail credit for any of the time she served under house arrest.

Galloway timely appealed. She later successfully moved the district court for an appeal bond and stay of the 90-day confinement. In July 2020, Galloway signed an order of probation to begin serving her 12-month term of probation on September 20, 2020.

DID THE DISTRICT COURT HAVE JURISDICTION TO REVOKE HOUSE ARREST?

Galloway first claims the district court lacked jurisdiction to revoke the order for house arrest because it amounted to an illegal modification of her lawful sentence. The State responds that the district court had jurisdiction over Galloway while on house arrest because it ordered her to be placed under supervision of court services.

Both parties recognize that Galloway can make this claim for the first time on appeal because it presents a question of subject matter jurisdiction, which can be raised at any time. See *State v. Castillo*, 54 Kan. App. 2d 217, 219, 397 P.3d 1248 (2017). The parties also recognize that this court can correct an illegal sentence at any time. K.S.A. 2018 Supp. 22-3504(a); *State v. Hambright*, 310 Kan. 408, 411, 447 P.3d 972 (2019).

Whether jurisdiction exists is a question of law over which an appellate court has unlimited review. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). Likewise, whether a sentence is illegal under K.S.A. 22-3504 is a question of law subject to unlimited review. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019).

Galloway was convicted of a fourth or subsequent DUI, a nonperson felony. K.S.A. 2018 Supp. 8-1567(b)(1)(E). The statute provides, in part:

> "The person convicted shall be sentenced to not less than 90 days nor more than one year's imprisonment and fined $2,500. The person convicted shall not be eligible for release on probation, suspension or reduction of sentence or parole until the person has served at least 90 days' imprisonment. . . . The court may place the person convicted under a house arrest program pursuant to K.S.A. 2018 Supp. 21-6609, and amendments thereto, to serve the 90 days' imprisonment mandated by this subsection only after such person has served 72 consecutive hours' imprisonment." K.S.A. 2018 Supp. 8-1567(b)(1)(E).

5

The question on appeal is whether the district court properly revoked Galloway's house arrest and ordered her to serve 90 days' imprisonment required by K.S.A. 2018 Supp. 8-1567(b)(1)(E). Galloway makes two arguments: (1) The house arrest statute contains no provision authorizing revocation of house arrest; and (2) the district court lacked jurisdiction under the DUI statute to modify a lawfully imposed sentence.

The State counters these arguments by asserting the district court retained jurisdiction to revoke Galloway's house arrest by placing her under supervision of court services the day of sentencing, and cites as support *State v. Martindale*, No. 115,543, 2017 WL 2896087 (Kan. App. 2017) (unpublished opinion). In *Martindale*, a panel of this court held that the procedures outlined in K.S.A. 2015 Supp. 22-3716(b)(3)(B) allow a court to revoke probation or postimprisonment supervision in DUI cases. 2017 WL 2896087, at *4. In her reply brief, Galloway argues *Martindale* can be distinguished because it dealt with postimprisonment supervision rather than house arrest and maintains that the district court lacked jurisdiction to modify her house arrest term to a jail term.

Galloway first argues that the house arrest statute contains no provisions authorizing revocation of house arrest. In a DUI case, K.S.A. 2018 Supp. 8-1567(b)(1)(E) provides that house arrest can be ordered "pursuant to K.S.A. 2018 Supp. 21-6609." Galloway acknowledges subsection (c) of the house arrest statute authorizes "[h]ouse arrest sanctions" that "may include but are not limited to rehabilitative restitution in money or in kind, curfew, revocation or suspension of the driver's license, community service, deprivation of nonessential activities or privileges, or other appropriate restraints on the inmate's liberty." K.S.A. 2018 Supp. 21-6609(c). These sanctions are restrictions the district court may impose as part of a house arrest program. But as Galloway correctly points out, no provision in this statute authorizes the district court to revoke a house arrest order when the defendant violates the conditions of the house arrest program.

6

Next, Galloway argues that the district court lacked jurisdiction under the DUI statute to modify a lawfully imposed sentence. She cites *State v. Anthony*, 274 Kan. 998, 1002, 58 P.3d 742 (2002), for the proposition that nothing in the DUI statute authorizes the district court to modify a sentence. More specifically, Galloway contends the district court lacked jurisdiction under the DUI statute to revoke her house arrest because at the time of her violation, "she was still serving a house arrest term of imprisonment and had not begun any term of probation." Galloway asserts that under K.S.A. 2018 Supp. 8-1567(b)(1)(E), a person convicted of DUI is not eligible for probation until the person has served 90 days of imprisonment. Thus, the district court could not treat the failed breath test like a probation violation. Galloway contends the order placing her in house arrest to serve 90 days' imprisonment was part of her lawful sentence for the DUI that could not be modified even if she violated the rules of the house arrest program. Galloway cites no case authority to support her interpretation of K.S.A. 2018 Supp. 8-1567(b)(1)(E).

But as the State asserts, the record reflects that Galloway was placed on probation under the supervision of court services on the day of sentencing. In fact, the district court stated: "Sentence will be 12 months or a year in jail, Court Services for 12 months starting today." The order for probation filed by the district court stated that Galloway was placed on probation for a period of 12 months effective January 17, 2020. The order included a special condition that Galloway "[m]ust serve 90 days in the Reno County Jail or serve 3 days in the Reno County Jail followed by 2160 hours of house arrest to be started within 3 weeks." Because Galloway's assignment to house arrest was a condition of her probation, K.S.A. 2018 Supp. 22-3716(b)(3)(B), governing the procedure for a probation violation, was all the legal authority the district court needed to revoke the house arrest order when Galloway violated the rules of the house arrest program.

Galloway argues that under K.S.A. 2018 Supp. 8-1567(b)(1)(E), a person convicted of DUI is not "eligible for probation until they have completed a required term of imprisonment." But the statute states that a person convicted of DUI "shall not be

7

eligible *for release* on probation" until they have served at least 90 days' imprisonment. (Emphasis added.) K.S.A. 2018 Supp. 8-1567(b)(1)(E). The statute contemplates that a person must serve 90 days' imprisonment either in jail, in a work release program, or in a house arrest program before they can be released from custody. But that is not the same thing as saying that a person convicted of DUI is not eligible to be placed on probation until they have completed the required term of imprisonment. The district court placed Galloway on probation with court services at her sentencing hearing as reflected by the court's ruling from the bench and the written order of probation.

For these reasons, we reject Galloway's claim that the district court lacked jurisdiction to revoke the order for house arrest when the court found that Galloway consumed alcohol on April 1, 2020. Galloway was on house arrest as a condition of her probation with court services. When Galloway failed to successfully complete this condition of probation, K.S.A. 2018 Supp. 22-3716(b)(3)(B) authorized the district court to revoke the house arrest order and require her to serve 90 days in jail.

WAS THERE SUFFICIENT EVIDENCE TO SUPPORT THE HOUSE ARREST VIOLATION?

Galloway next argues that even if the district court had jurisdiction to revoke the house arrest order, the State failed to prove a violation occurred. More specifically, Galloway asserts there are no documents in the record which outline the terms or conditions of her house arrest including an order that she refrain from the use of alcohol while on house arrest. Galloway's claim turns on her assertion that she was serving a lawful order of house arrest at the time of her alleged violation, and she was not eligible to be placed on probation until she completed her term of house arrest. The State asserts that Galloway failed to preserve this issue for appeal, and alternatively that the order of probation she signed included a condition that she refrain from consuming alcohol.

8

In district court, Galloway argued she was having connectivity problems with her breath test device while on house arrest. She denied consuming alcohol on April 1, 2010, but testified she "probably took some cough syrup that day." Galloway did not make the claim in district court that she makes now about there being no document in the record that ordered her to refrain from alcohol while on house arrest. But generally, there is no requirement that a criminal defendant challenge the sufficiency of the evidence before the trial court to preserve the question for appeal. *State v. Farmer*, 285 Kan. 541, 545, 175 P.3d 221 (2008). Thus, we will address the merits of Galloway's claim.

The district court treated the hearing on June 11, 2020 as a probation violation hearing. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The party asserting the district court abused its discretion bears the burden of proof. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

A district court "has no 'discretion in a probation revocation proceeding until the evidence establishes a probation condition violation.'" *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016) (quoting *State v. Garcia*, 31 Kan. App. 2d 338, 341, 64 P.3d 465 [2003]). The State must establish that the probationer violated the terms of probation by a preponderance of the evidence—or that the violation is more probably true than not true. *Lloyd*, 52 Kan. App. 2d at 782. And appellate courts review the district court's factual findings for substantial competent evidence. See *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007).

The State alleged in the motion to revoke that Galloway "violated the conditions of Probation" by consuming alcohol. But according to Galloway, the record does not

9

reflect that refraining from alcohol was a condition of house arrest, so the district court could not rely on the evidence establishing that fact to find she violated any house arrest conditions. Galloway admits that her order of probation included a condition that she refrain from consuming or possessing alcohol but contends that condition applied only to probation, which she was not eligible for until she completed the term of house arrest.

As we discussed in the first section of this opinion, the record reflects that Galloway was placed on probation under the supervision of court services effective January 17, 2020. Paragraph 14 of the order of probation filed by the district court directed Galloway not to "consume or possess any type of alcohol." The order of probation included a special condition that Galloway must "serve 3 days in the Reno County Jail followed by 2160 hours of house arrest." The order committing Galloway to the jail to be immediately followed by house arrest directed that she report to the facility on February 4, 2020, "in a sober condition, and not under the influence of alcohol or non-prescription drugs." Thus, there were documents in the record that required Galloway to refrain from alcohol while on probation and house arrest.

At the hearing in district court, Gagnebin testified that he was the CEO and owner of the company that provided a handheld "Soberlink" device to monitor alcohol consumption for individuals on house arrest. According to Gagnebin, Galloway needed to perform breath tests while on house arrest using the device, but she submitted noncompliant tests and failed to submit some tests on April 1, 2020. Based on this evidence, the district court found that "it's more likely than not that [Galloway] was consuming alcohol" and "trying to conceal that." There was substantial competent evidence to support that finding. The district court had warned Galloway at the sentencing hearing that she would be sent to jail if she violated the terms of her house arrest program. As a result, the district court did not abuse its discretion in revoking the order for house arrest and ordering Galloway to serve 90 days in jail.

10

DID THE DISTRICT COURT ERR IN FAILING TO GIVE JAIL CREDIT FOR THE TIME GALLOWAY SERVED ON HOUSE ARREST?

Finally, Galloway argues the district court erred in not giving her jail credit for time spent while on house arrest when ordering her to serve a full 90 days' imprisonment in jail after revoking her house arrest. The State responds that Kansas courts have consistently held that house arrest does not meet the requirements for imprisonment and time spent on house arrest should not be awarded as jail credit.

Galloway admits she did not raise the jail credit issue in district court. But she asserts she can raise this issue for the first time on appeal—and the State agrees—because whether an individual with a DUI conviction can receive jail credit for time served on house arrest presents purely a question of law that determines the issue. See *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015).

Both parties agree that the right to jail time credit in Kansas is governed by statute. Statutory interpretation presents a question of law over which an appellate court has unlimited review. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019).

The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State v. LaPointe*, 309 Kan. 299, 314, 434 P.3d 850 (2019). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. See *State v. Ayers*, 309 Kan. 162, 163-64, 432 P.3d 663 (2019). When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind the clear language, and it should refrain from reading something into the statute that is not readily found in its words. 309 Kan. at 164.

Kansas law provides that when a district court imposes a sentence of confinement, the defendant must receive credit for any time the defendant was incarcerated pending disposition of the case. K.S.A. 2018 Supp. 21-6615(a). The statute also provides that when a term of probation is revoked and the defendant is sentenced to confinement, the defendant must receive credit for time "spent in a residential facility while on probation, assignment to a conservation camp or assignment to community correctional residential services program." K.S.A. 2018 Supp. 21-6615(b).

Galloway recognizes that in non-DUI cases, Kansas courts have repeatedly interpreted prior versions of this statute to hold that individuals cannot receive jail credit for time served on house arrest pending sentencing, pending appeal, or as a condition of probation. See *State v. Guzman*, 279 Kan. 812, 815-16, 112 P.3d 120 (2005) (holding defendant had no right to jail credit for days spent on house arrest before sentencing); *State v. Parks*, 27 Kan. App. 2d 544, 545, 6 P.3d 444 (2000) (holding defendant had no right to jail credit for days spent on house arrest while case was on appeal); *State v. Williams*, 18 Kan. App. 2d 424, 431, 856 P.2d 158 (1993) (holding statute does not authorize or require credit for time spent on house arrest as a condition of probation).

But as Galloway asserts, the Kansas Supreme Court has held that K.S.A. 8-1567 "is a self-contained criminal statute, which means that all essential components of the crime, including the elements severity levels, and applicable sentences, are included within the statute." *State v. Reese*, 300 Kan. 650, 654, 333 P.3d 149 (2014). Galloway suggests that we should interpret the DUI statute as an independent law with its own independent consideration of calculating "time served," that may differ from traditional interpretations under K.S.A. 2018 Supp. 21-6615 and its predecessors.

K.S.A. 2018 Supp. 8-1567(b)(1)(E) requires a person convicted of a fourth or subsequent DUI to serve "at least 90 days' imprisonment." The statute also provides that "[t]he court may place the person convicted under a house arrest program pursuant to

12

K.S.A. 2018 Supp. 21-6609, and amendments thereto, *to serve the 90 days' imprisonment mandated by this subsection* only after such person has served 72 consecutive hours' imprisonment." (Emphasis added.) K.S.A. 2018 Supp. 8-1567(b)(1)(E). Galloway argues that because the DUI statute specifically authorizes the defendant to serve the mandatory 90 days' imprisonment under a house arrest program, "if the district court later chooses to modify the method by which an individual may complete the mandatory term, the time spent on house arrest should still count toward the completion of the 90 days." In other words, the statute itself operates to give jail credit for time spent on house arrest.

As the State points out, this court considered a similar argument in *State v. Abildgaard*, No. 102,905, 2010 WL 3662966, at *3 (Kan. App. 2010) (unpublished opinion), when the defendant also argued that house arrest is equivalent to time spent in jail under the "limited context" of the DUI statute. The panel remarked that the argument was "interesting," but then rejected it because "[n]owhere in the language of [the DUI statute], however, is there any reference to jail credit being given for time spent under house arrest." 2010 WL 3662966, at *3. But see *State v. Gray*, No. 111,964, 2015 WL 6444163, at *6 (Kan. App. 2015) (unpublished opinion) (stating in dicta that the DUI statute allows house arrest to be counted as jail credit). We also observe from our own public court records that our Supreme Court granted a petition for review in *Abildgaard* but later dismissed the appeal when the defendant absconded. No. 102,905, Appellate Clerk's system, Entry 42. See K.S.A. 60-409(b)(4); *State v. Lowe*, 238 Kan. 755, Syl. ¶ 4, 715 P.2d 404 (1986) ("A court has the power to take judicial notice of its own records.").

We find Galloway's argument is persuasive. K.S.A. 8-1567 governing DUI cases is a self-contained statute, which means that all essential components of the crime, including the elements of the crime and the applicable sentences, are contained within the statute. *Reese*, 300 Kan. at 654. Thus, the many cases interpreting the provisions of K.S.A. 2018 Supp. 21-6615 and its predecessors are not necessarily controlling in a DUI case. K.S.A. 2018 Supp. 8-1567(b)(1)(E) requires a person convicted of a fourth or

13

subsequent DUI to serve 90 days in jail and authorizes the district court to place the defendant in a house arrest program "to serve the 90 days' imprisonment mandated by this subsection." We find this language expresses a clear legislative intent that in the limited context of the DUI statute, house arrest is the equivalent of time spent in jail.

As Galloway argues in her brief, she was *sentenced* to serve a term of house arrest as a result of her DUI conviction. When a defendant is placed on house arrest a part of a DUI sentence and the district court later revokes the house arrest order, a court can reasonably construe the DUI statute to allow jail credit for the time the defendant spent on house arrest. Suppose the district court sentences a defendant to 90 days in jail in a DUI case and authorizes house arrest, but after 45 days the defendant can no longer afford the house arrest program and wants to report to jail to serve out the sentence. It would make no sense to construe the provisions of K.S.A. 8-1567 to deny jail credit for the 45 days the defendant served under house arrest. We agree with Galloway's claim that in this DUI case, the district court erred when it failed to give her jail credit for the time she served in house arrest before the order was revoked.

To the extent that this ruling conflicts with this court's decision in *Abildgaard*, we observe that case can be distinguished because it interpreted K.S.A. 2008 Supp. 8-1567(f)(1), which stated that "the court may place the person convicted under a house arrest program . . . to serve the remainder of the minimum sentence only after such person has served 48 consecutive hours' imprisonment." In 2012, the Legislature amended the DUI statute and revised the language about placing a person in house arrest. L. 2012, ch. 172, § 20. K.S.A. 2018 Supp. 8-1567(b)(1)(E) now provides that "[t]he court may place the person convicted under a house arrest program . . . to serve the 90 days' imprisonment mandated by this subsection only after the person has served 72 consecutive hours' imprisonment." The 2018 version of the statute expresses a clearer legislative intent that a sentence of house arrest is the equivalent of time spent in jail.

But even if the difference in statutory language is not a meaningful distinction between this case and *Abildgaard*, we observe that one panel of this court is not bound by a decision of another panel. *Osterhaus v. Toth*, 39 Kan. App. 2d 999, 1008, 187 P.3d 126 (2008), *aff'd* 291 Kan. 759, 249 P.3d 888 (2011). "Although separate panels of the Court of Appeals should strive to be consistent in decision-making, ultimately the court must do its best to decide each case based on the facts and the law, bearing in mind that the Kansas Supreme Court is the final arbiter of all disputes." *State v. Horselooking*, 54 Kan. App. 2d 343, 350, 400 P.3d 189 (2017).

In sum, we reverse the district court's decision that denied Galloway jail credit for the time she served in house arrest before the order was revoked. The record reflects that Galloway was in the house arrest program from February 7, 2020, to April 1, 2020, but it is unclear how much time she remained in house arrest after April 1, 2020. Thus, we remand to the district court to calculate the time Galloway served under house arrest as part of her DUI sentence and to award her jail credit for that amount of time against the 90 days in jail she was ordered to serve at the hearing on June 11, 2020.

Affirmed in part, reversed in part, and remanded with directions.